Roy L. JACKSON, Plaintiff–Appellant,

v.

INTEGRA INC., doing business as Residence Inn, and Marriott, Inc., Defendants–Appellees.

No. 91–5128.

United States Court of Appeals, Tenth Circuit.

Dec. 31, 1991.

Roy L. Jackson, Tulsa, Okl., on the brief, for plaintiff-appellant.

David E. Strecker, Leslie C. Rinn, and John A. Bugg of Shipley, Inhofe & Strecker, Tulsa, Okl., on the briefs for defendants-appellees.

Before ANDERSON, TACHA and BRORBY, Circuit Judges.

TACHA, Circuit Judge.

Plaintiff-appellant Roy Jackson appeals an order of the district court dismissing his complaint against both Defendant Integra and Defendant Marriott pursuant to Fed. R.Civ.P. 12(b)(6).[1] The district court found that Marriott could not be held vicariously liable for any alleged acts of Integra. It also concluded that Jackson's complaint did not state a cause of action under Oklahoma law against Integra. We exercise jurisdiction under 28 U.S.C. § 1291 and reverse and remand.

## BACKGROUND

According to Jackson's complaint, he was hired by Integra on February 20, 1989, at which time he received a copy of the employee handbook. The employee handbook contains various statements of policy, including a "fair treatment policy," an "open door policy," and a "harassment policy." Jackson alleges that he was mistreated and discharged in violation of these policies on September 22, 1989.

Jackson claims that during his employment he was not afforded the benefit of the fair treatment policy because he was terminated in retaliation for filing a grievance for on-the-job harassment. He also asserts that he was not afforded the benefit of Integra's open door policy without reprisal. Jackson further states that Integra's general manager constantly harassed and threatened him for filing a grievance to the director of human resources for on-the-job harassment. He also raises a number of other claims under Oklahoma state law.

---

1. After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.

## DISCUSSION

We review de novo a district court's ruling on a motion to dismiss for failure to state a claim upon which relief can be granted. *Morgan v. City of Rawlins,* 792 F.2d 975, 978 (10th Cir.1986). Allegations in the plaintiff's complaint are presumed true. *Curtis Ambulance of Fla., Inc. v. Board of County Comm'rs,* 811 F.2d 1371, 1374 (10th Cir.1987). The complaint will not be dismissed unless it appears that the plaintiff cannot prove facts entitling him to relief. *Id.* at 1375 (citing *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974)). We construe a pro se litigant's pleadings liberally. *Haines v. Kerner,* 404 U.S. 519, 520–21, 92 S.Ct. 594, 595–96, 30 L.Ed.2d 652 (1972); *Gillihan v. Shillinger,* 872 F.2d 935, 938 (10th Cir.1989).

■ Initially, we note that the district court dismissed Jackson's claim pursuant to Rule 12(b)(6). When ruling on a Rule 12(b)(6) motion, the district court must examine only the plaintiff's complaint. The district court must determine if the complaint alone is sufficient to state a claim; the district court cannot review matters outside of the complaint. *Miller v. Glanz,* 948 F.2d 1562, 1565 (10th Cir.1991). However, "if matters outside of the complaint are presented to and not excluded by the court, then the court should treat the motion as one for summary judgment under Rule 56 and not as a motion to dismiss." *Id.* In *Miller,* we also noted that "[f]ailure to convert to a summary judgment motion and to comply with Rule 56 when the court considers matters outside the plaintiff's complaint is reversible error." *Id.*

In dismissing Jackson's complaint against Marriott, the district court noted that Marriott alleges that it "has no control over or involvement in the operation of the franchise or the employer/employee relationships." It further stated that "[t]his allegation is substantiated by the exhibited [sic] provided by Defendant Marriott." Thus, the district court clearly reviewed matters outside of Jackson's complaint.

■ In reviewing matters outside of the complaint, the district court failed to convert the motion to dismiss into a motion for summary judgment. But most importantly, Jackson was never informed that the motion to dismiss would be treated as motion for summary judgment, and the district court never afforded Jackson ten days to gather evidence demonstrating the existence of a genuine issue of material fact. Therefore, we must reverse the grant of Marriott's Rule 12(b)(6) motion.

Turning to Jackson's claim against Integra, we must examine whether Jackson's complaint states a claim under Oklahoma law. The district court found that Jackson's complaint failed to state a claim under Oklahoma law due to *Burk v. K–Mart Corp.,* 770 P.2d 24 (Okla.1989) and *Hinson v. Cameron,* 742 P.2d 549 (Okla.1987). In *Burk,* the Oklahoma Supreme Court held that "there is no implied obligation of good faith and fair dealing in reference to termination in any employment-at-will contract." *Burk,* 770 P.2d at 29. *Burk* does not address the situation at issue here because Jackson alleges an *express* obligation of good faith and fair dealing that is created by the employee handbook.

In *Hinson,* the Oklahoma Supreme Court addressed whether an employment manual can create an implied contract. The court found that Hinson's claim could not proceed on an implied contract theory because "[n]either of Hinson's two responses to the summary judgment motion identifies some promissory inducement *dehors* the manual as an issue of fact to be tried." *Hinson,* 742 P.2d at 556 n. 28. The court stated further that "[v]iewed in a light most favorable to her, the manual lists but examples of *some, although not all,* grounds for termination." *Id.* at 556 (footnotes omitted). Thus, the Oklahoma Supreme Court did not deny that an implied contract could be created by an employee manual. Instead, it found that an implied contract could not be found under the facts of the case before it.

■ We conclude that such a holding implies that an employee manual can indeed create an implied contract if the circumstances warrant. In *Williams v. Mar-*

*emont Corp.*, 875 F.2d 1476 (10th Cir.1989), we interpreted *Hinson* to "indicate[ ] that certain instances may exist where express or implied contracts might arise from an employer's personnel manual or policy statements." *Id.* at 1480 (citing *Hinson*, 742 P.2d at 554–57). Based on *Hinson*, we "assume[d] that the Oklahoma Supreme Court would treat employers' personnel manuals, handbooks, or other statements of policy as unilateral contracts binding on the employer, under proper circumstances." *Id.* Further, we find that Jackson has stated sufficient facts to state a claim that an implied contract was created and breached under Oklahoma law in this case.

In addition to his breach of implied contract claim, Jackson also raised claims for violation of public policy, fraud, negligent or retaliatory discharge, libel, slander and intentional infliction of emotional distress. The district court apparently considered all of these claims together and dismissed them based on its holding that *Burk* and *Hinson* foreclose the possibility that an implied contract can arise from an employment manual. On this appeal, we do not address whether each of Jackson's claims is recognized under Oklahoma law independently of the breach of contract claim. Instead, because we hold that an employment manual can create an implied contract under some circumstances, we remand for the district court to consider the remainder of Jackson's claims independently of the breach of contract claim.

In reaching this result, we express no opinion as to the ultimate result of Jackson's claims. We merely hold that dismissal pursuant to Rule 12(b)(6) was inappropriate.

Accordingly, we REVERSE and REMAND to the district court for further proceedings consistent with this opinion.