7 F.3d 1046
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America ex rel. John H. McCray Sanitation
Service, Plaintiff-Appellant,
v.
MIDWEST CONTAINER COMPANY, Defendant-Appellee,
United States Department of the Air Force; Tinker Air Force
Base, Defendants.
 No. 93-6094.
 United States Court of Appeals, Tenth Circuit.
 Oct. 1, 1993.
 ORDER AND JUDGMENT[1]
 
 1
 Before LOGAN and BRORBY, Circuit Judges, and KANE,** District Judge.
 
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 3
 Plaintiff-relator John H. McCray Sanitation Service appeals from an order of the district court granting defendant Midwest Container Company's motion to dismiss for failure to state a claim. The United States as a defendant was dismissed earlier by agreement of the parties.
 
 
 4
 The relator brought this qui tam action on behalf of the United States pursuant to the False Claims Act (FCA), 31 U.S.C. 3729-33. The district court dismissed the action holding, inter alia, that relator had failed to assert a claim under the FCA because Midwest had not committed any fraudulent acts.
 
 
 5
 We review de novo the district court's dismissal of a complaint for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6). Jackson v. Integra, Inc., 952 F.2d 1260, 1261 (10th Cir.1991). We will uphold that dismissal only if it appears the plaintiff can prove no set of facts in support of his claims that would entitle him to relief. Jacobs, Visconsi & Jacobs, Co. v. City of Lawrence, 927 F.2d 1111, 1115 (10th Cir.1991). Therefore, we accept all well-pleaded factual allegations of the complaint as true, construing them in the light most favorable to the plaintiff. Dababneh v. FDIC, 971 F.2d 428, 431 (10th Cir.1992); Williams v. Meese, 926 F.2d 994, 997 (10th Cir.1991).
 
 
 6
 Section 3729 of the FCA provides in pertinent part that any person who either "knowingly presents, or causes to be presented, to an officer or employee of the United States Government or a member of the Armed Forces of the United States a false or fraudulent claim for payment or approval" or who "knowingly makes, uses, or causes to be made or used, a false record or statement to get a false or fraudulent claim paid or approved by the Government," shall be liable for a civil penalty. Id. 3729(a)(1), (2). An individual may bring a civil action in the name of the United States for a violation. Id. 3729(b).
 
 
 7
 We discuss only the dismissal of Count I of the complaint, the allegation that Midwest violated the FCA.[2] The complaint was not submitted as a part of the appellate record, but we have called it up for our review as permitted by Fed. R.App. P. 10(e). Relator apparently believed that it is enough for recovery under the FCA that Midwest did not in fact qualify as a small and disadvantaged business (SDB) at the time it bid for and entered a contract with Tinker Air Force Base or when it collected for services rendered under the contract. We agree with the district court that a party does not violate 3729 merely by making false representations; it must make those representations knowingly. See 31 U.S.C. 3729(a), (b). The district court pointed out that plaintiff's failure to plead the "knowingly" element required by 3729 would support a dismissal, although an amendment could cure this defect. The court then reasoned that because the complaint alleged Tinker ratified the contract once it knew that Midwest was not an SDB, the complaint "self-destructs." District Court Order at 2.
 
 
 8
 We agree that the facts asserted in the complaint fail to allege an FCA violation based on Midwest's conduct after Tinker was notified that Midwest was not an SDB. Tinker essentially waived the SDB requirement, authorizing Midwest to continue to perform the contracted services. When Midwest then filed claims for those services, it did not knowingly present false or fraudulent claims.
 
 
 9
 There remains a question, however, concerning Midwest's actions before the SBA determined Midwest did not qualify as an SDB. The complaint alleges that Midwest violated 3729(a) of the FCA by falsely representing that it qualified as a SDB when it initially bid for and entered the contract with Tinker. "A contract based on false information is a species of false claim." United States ex rel. Hagood v. Sonoma County Water Agency, 929 F.2d 1416, 1420 (9th Cir.1991). Although Tinker later waived the SDB requirement, it could not "ratify" any previous fraud by Midwest. However, Count I does not allege that Midwest knew it was not an SDB; this failure to plead the "knowingly" requirement of 3729 is a valid basis for dismissal.
 
 
 10
 Here, we also believe relator cannot cure the defect by amendment because exhibits attached to the complaint, which became a part thereof, demonstrate that Midwest's representation that it was an SDB was not knowingly false. Exhibit F to relator's complaint is a letter to relator's counsel from the Deputy Director of the Department of the Air Force's Office of Small and Disadvantaged Business Utilization. It states that Midwest made its SDB certification "based on the fact that the majority stockholder of MCC, Mr. Wesley Marshall, is an American Indian as confirmed by the Bureau of Indian Affairs," and that the SBA "found no evidence that the firm willfully misrepresented themselves as an SDB for the purposes of securing the contract." Complaint, Ex. F. The letter goes on to state that
 
 
 11
 [t]he determination on non-SDB status was based on administrative flaws in the company's organizational structure which have since been corrected. Under the Oklahoma General Corporation Act, Mr. Marshall, as the majority stockholder, is considered to control MCC's board of directors. However, under SBA criteria, this is considered as indirect control. Since MCC's board had two directors, both were needed to establish a quorum; therefore, the nondisadvantaged director had the power to block any action proposed by Mr. Marshall. MCC advises that they reorganized the board of directors on March3, 1992, making Mr. Marshall the sole director of the company.
 
 
 12
 Id.
 
 
 13
 This material, which the rest of the complaint does not controvert, satisfies us that relator could not show that Midwest's certification of its SDB status at the time it bid was knowingly false within the contemplation of the FCA. See 31 U.S.C. 3729(b).
 
 
 14
 AFFIRMED.
 
 
 
 [1]
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir. R. 36.3
 
 
 **
 Honorable John L. Kane, Jr., Senior District Judge, United States District Court for the District of Colorado, sitting by designation
 
 
 [2]
 The complaint contained other counts alleging breach of contract and common law fraud by Midwest (Counts II and III), and violation of the FCA and common law fraud by Tinker Air Force (Counts IV and V). The district court dismissed the Counts II and III fraud and breach of contract claims for failure to allege facts to support the allegations and Counts IV and V because they cast the United States in the role of defendant as well as plaintiff. We do not understand the relator to appeal these dismissals, which dismissals we agree were proper