30 F.3d 141
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Roy L. JACKSON, Plaintiff-Appellant,
v.
INTEGRA INC., doing business as Residence Inn; Marriott
Corp., a Hotel and Restaurant Company; Brock
Suite Hotels, Inc., Defendants-Appellees.
 Nos. 92-5143, 92-5153.
 United States Court of Appeals, Tenth Circuit.
 July 21, 1994.
 
 1
 Before SEYMOUR, Chief Judge, and TACHA, Circuit Judges, and ROGERS,** District Judge.
 
 ORDER AND JUDGMENT[1]
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of these appeals. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The cases are therefore ordered submitted without oral argument.
 
 
 3
 Plaintiff Roy L. Jackson appeals from the summary judgment entered in favor of defendants[2] on his claim that defendants fired him on the basis of his race, African American, in violation of Title VII, 42 U.S.C.2000e-2000e-17. Relying on Summers v. State Farm Mutual Automobile Insurance Co., 864 F.2d 700 (10th Cir.1988), the district court concluded that information discovered subsequent to plaintiff's discharge precluded him from any remedy. Plaintiff also appeals from the district court's award of costs against him. We have jurisdiction pursuant to 28 U.S.C. 1291, and we affirm.
 
 
 4
 On January 16, 1989, plaintiff completed an application for employment with defendants. He signed an application that contained the following statement: "I certify the information contained in this application is accurate and complete. Giving incomplete or false information for employment is a serious matter and is grounds for dismissal and forfeiture of related benefits. In accepting employment, I understand that I will be on a probationary period for 90 days." Rec. Vol. II, doc. 83, defendants' brief in support of motion for summary judgment, ex.3. Plaintiff listed two previous employers on the application: Commercial & Institutional Service Co. and Woodland Terrace, stating the reason for his departure from each that he had been "laid off."
 
 
 5
 Plaintiff was employed by defendants from February 20, 1989, until September 22, 1989, when he was fired for not doing his job adequately and violating personnel rules. He then filed the underlying lawsuits.[3] Later, during discovery in this case, defendants learned that plaintiff had been fired from two previous jobs: Woodland Terrace and D & K Janitorial.[4] On his job application, plaintiff had omitted D & K Janitorial, and had falsified the reason he left Woodland Terrace, certifying that he had been laid off, when in fact he had been fired, as he later admitted in his deposition. Also during plaintiff's deposition, defendants learned that plaintiff had worked for, and had been fired by, D & K Janitorial.
 
 
 6
 Based on their discovery that plaintiff had been untruthful on his job application, defendants moved the district court for summary judgment on the ground that plaintiff's misrepresentations and omissions on his job application precluded him from any recovery under Title VII, even assuming he was fired for unlawful reasons. See Summers, 864 F.2d at 708. In support of their request for summary judgment, defendants filed the affidavit of Stan Goff, General Manager of defendants' hotel at which plaintiff had worked, stating that during discovery in this case, he discovered that plaintiff had been fired from previous jobs, and that if he had known plaintiff's complete employment history, plaintiff would not have been hired, or if hired, would have been fired upon discovery of the truth. Rec. Vol. II, doc. 83, defendants' brief in support of motion for summary judgment, ex.1. The district court determined that plaintiff's misrepresentations and omissions were material because the employer relied on them in its decision to hire plaintiff, and granted summary judgment to defendants.
 
 
 7
 On appeal plaintiff claims the following errors: (1) defendants failed to prove that the misrepresentations and omissions on plaintiff's job application were material, (2) he was denied a fair opportunity for discovery, (3) the district court should have applied Oklahoma state law, not federal law, to his state wrongful discharge claim, (4) defendants were in default after this court's remand from plaintiff's prior appeal, Jackson v. Integra Inc., 952 F.2d 1260 (10th Cir.1991), thereby precluding them from filing their summary judgment motion, and (5) the district court erred when it denied him permission to file a supplemental complaint after summary judgment.
 
 I.
 
 8
 We review de novo the district court's grant of summary judgment. Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc., 912 F.2d 1238, 1241 (10th Cir.1990). Summary judgment is warranted when "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The moving party has the burden to demonstrate, beyond a reasonable doubt, that it is entitled to judgment. Ewing v. Amoco Oil Co., 823 F.2d 1432, 1437 (10th Cir.1987). "[A] party opposing a properly supported motion for summary judgment may not rest upon the mere allegations or denials of his pleading, but ... must set forth specific facts showing that there is a genuine issue for trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986) (citations omitted). Once the moving party has made a showing of absence of material fact, the nonmovant must "make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).
 
 II.
 
 9
 When an employer is unaware of an employee's misconduct but discharges the employee for other reasons, even unlawful ones, the employee is without a remedy under Title VII if, after discharge, the employer acquires knowledge of misconduct providing a ground for dismissal independent of the original reason for discharge, so long as the employer would have discharged the employee upon discovery of the misconduct. Summers, 864 F.2d at 708. To bar relief based on after-acquired evidence of employee misconduct, "Summers merely requires proof that (1) the employer was unaware of the misconduct when the employee was discharged; (2) the misconduct would have justified discharge; and (3) the employer would indeed have discharged the employee, had the employer known of the misconduct." O'Driscoll v. Hercules Inc., 12 F.3d 176, 179 (10th Cir.1994), petition for cert. filed, 62 U.S.L.W. 3757 (U.S. Apr. 1, 1994)(No. 93-1728).
 
 
 10
 As evidence that they would have fired plaintiff if they knew his employment history, defendants provided General Manager Goff's affidavit stating defendants were unaware of plaintiff's complete employment history until discovery in this case, and plaintiff would not have been hired, or would have been fired, if defendants had known the truth. Defendants further supported their summary judgment motion with the employment application plaintiff signed on January 16, 1989, in which he certified that the information in the application was accurate and complete, and he understood that providing incomplete or false information was grounds for dismissal. "Upon this showing, the burden shifted to Plaintiff to go beyond the pleadings and designate 'specific facts showing that there is a genuine issue for trial.' " Id. at 180 (quoting Celotex, 477 U.S. at 324).
 
 
 11
 At this point, we consider plaintiff's claim that he was denied a fair opportunity for discovery. According to plaintiff, if he had been permitted to pursue discovery, he would have obtained evidence to prevent the entry of summary judgment. "We review the district court's denial of a request for discovery under [Fed.R.Civ.P.]56(f) for an abuse of discretion." Building & Constr. Dep't v. Rockwell Int'l Corp., 7 F.3d 1487, 1496 (10th Cir.1993).
 
 
 12
 Here, plaintiff did not comply with Rule 56(f), requiring him to file an affidavit stating the reasons he could not "present by affidavit facts essential to justify [his] opposition" to summary judgment. See Fed.R.Civ.P. 56(f). The protection of Rule 56(f) permitting the nonmoving party to discover information essential to his opposition " 'arises only if the nonmoving party files an affidavit explaining why he or she cannot present facts to oppose the motion.' " Universal Money Ctrs., Inc. v. American Tel. & Tel. Co., 22 F.3d 1527, 1536 (10th Cir.1994)(quoting Dreiling v. Peugeot Motors, 850 F.2d 1373, 1376 (10th Cir.1988)). Even if strict compliance with the rule is not required, and assuming the district court was aware of plaintiff's desire to conduct discovery via the statement in his response to the summary judgment motion to that effect, plaintiff "failed to demonstrate 'how additional time will enable him to rebut [defendants'] allegations of no genuine issue of fact,' as is also required of a Rule 56(f) affidavit." Universal Money Ctrs., 22 F.3d at 1536 (quoting Dreiling, 850 F.2d at 1377). We discern no abuse of discretion in the district court's discovery orders.
 
 
 13
 Accordingly, we conclude plaintiff failed to meet his burden to demonstrate the existence of a genuine issue for trial by designating specific controverted facts. The district court's summary judgment in defendants' favor on the Title VII claim will not be disturbed.
 
 III.
 
 14
 Plaintiff also asserts error in the district court's dismissal of his Oklahoma state law claims, asserting that state law, not federal law, controls. Because the district court did not address specifically the state law claims, we conclude the district court implicitly declined to exercise pendent jurisdiction over the state law claims. In doing so, the district court did not err. See United Mine Workers v. Gibbs, 383 U.S. 715, 726-27 (1966)(federal court not required to address pendent state law claims).
 
 IV.
 
 15
 Next, turning to plaintiff's claims that defendants were required to file an answer upon remand from plaintiff's prior appeal to this court, Jackson v. Integra Inc., 952 F.2d 1260, the district court record reflects that defendants filed a motion for summary judgment approximately three weeks after the mandate was filed with the district court. Fed.R.Civ.P. 56(b) permits defendants to move for a summary judgment at any time. Accordingly, defendants properly filed the motion in lieu of an answer. We do not perceive that defendants engaged in deliberate dilatory tactics in the timing of their motion. Therefore, we find no error in the district court's procedure on remand.
 
 
 16
 We review for abuse of discretion the district court's decision to deny plaintiff leave to file a supplemental complaint after summary judgment. Cf. Ketchum v. Cruz, 961 F.2d 916, 920 (10th Cir.1992)(denial of motion to amend complaint reviewed for abuse of discretion). Plaintiff admits that the proffered supplemental complaint raised issues separate from, and collateral to, the issues apprehended by the existing lawsuit. We conclude the district court did not abuse its discretion in bringing the existing lawsuit to an end.
 
 V.
 
 17
 In appeal No. 92-5202, plaintiff has appealed from the district court's bill of costs entered against him pursuant to 28 U.S.C.1920. Plaintiff argues (1) the district court should have applied state law in assessing costs; (2) plaintiff, himself, was a prevailing party, so defendants were not entitled to costs; (3) plaintiff's deposition was an unnecessary expense because defendants already knew from other sources the information they sought from plaintiff; and (4) in seeking costs, defendants' motivation was to punish plaintiff for suing them.
 
 
 18
 We review the district court's award of costs for abuse of discretion. Furr v. AT & T Technologies, Inc., 824 F.2d 1537, 1550 (10th Cir.1987). "There is a presumption in favor of award of costs...." Id. Plaintiff's claims that the district court abused its discretion in awarding costs are without merit. Therefore, the bill of costs will not be disturbed.
 
 VI.
 
 19
 All pending motions are denied. The judgments of the United States District Court for the Northern District of Oklahoma are AFFIRMED, except as to defendant-appellee Integra Inc.
 
 
 
 **
 Honorable Richard D. Rogers, United States District Judge for the District of Kansas, sitting by designation
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 Defendant-appellee Integra Inc. filed bankruptcy in Colorado on July 14, 1992. This appeal is stayed as to Integra pending action by the bankruptcy court lifting the automatic stay or concluding the bankruptcy case. See 11 U.S.C. 362(a)(1); In re Arbitration Between Barbier & Shearson Lehman Hutton Inc., 943 F.2d 249, 250 (2d Cir.1991)(appeal stayed because appellant filed bankruptcy petition). Defendants are directed to notify this court when the bankruptcy stay is lifted or the bankruptcy case has concluded
 
 
 [3]
 Plaintiff filed two separate actions against defendants in the United States District Court for the Northern District of Oklahoma. Case No. 89-C-816-E was filed October 11, 1989. Case No. 91-C-0001-E was filed January 2, 1991. The district court consolidated the two cases on February 26, 1992. Plaintiff alleged defendants violated TitleVII, 42 U.S.C.1981 & 1985, and the Thirteenth and Fourteenth Amendments. On appeal, plaintiff has abandoned all claims except those brought under TitleVII and Oklahoma state law. See Abercrombie v. City of Catoosa, 896 F.2d 1228, 1231 n. 2 (10th Cir.1990). Plaintiff filed several notices of appeal from the district court orders. Court of Appeals case No. 92-5152 has been dismissed. On September 23, 1992, this court consolidated appeals Nos. 92-5143 and 92-5153. The remaining appeal, plaintiff's appeal from the order awarding costs to defendants, case No. 92-5202, will be addressed in this order and judgment. The outstanding motions relating to consolidation and substitution of parties are denied
 
 
 [4]
 Plaintiff had also been fired from Holiday Inn, for whom he worked during January and February 1989, after he signed defendants' job application. Therefore, he worked for, and was fired by, Holiday Inn between the time he signed defendants' job application and the time he began working for defendants