48 F.3d 1232
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Jim R. HOUSLEY, Plaintiff-Appellant,
v.
Bob ROWE, Defendant-Appellee.
 No. 94-6329.
 United States Court of Appeals, Tenth Circuit.
 Feb. 28, 1995.
 ORDER AND JUDGMENT[1]
 
 1
 Before SEYMOUR, Chief Judge, McKAY, and HENRY, Circuit Judges
 
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 3
 Mr. Jim Housley alleged, in a vague and conclusory manner, civil rights violations pursuant to 42 U.S.C.1983 and 1985(3). After a de novo review of the magistrate's order, the district court denied Mr. Housley's Petition to Seek Leave to File a Pro Se Action and therefore declared moot his Motion for Leave to Proceed in Forma Pauperis. Mr. Housley appeals, alleging the district court erred in denying him the right to proceed in forma pauperis. We affirm.
 
 
 4
 As a result of Mr. Housley's "abusive and lengthy" litigation history, the district court in a prior case imposed restrictions on his ability to file future pro se actions. See Housley v. State of Oklahoma, CIV-92-785-B, slip op. at App. B (W.D. Okla. June 4, 1992). In the instant case, the district court found that Mr. Housley did not comply with those guidelines. We conclude that this finding is not clearly erroneous.
 
 
 5
 We AFFIRM the district court's order. The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470