UNITED STATES COURT OF APPEALS

**Filed 6/4/96**

FOR THE TENTH CIRCUIT

JIM R. HOUSLEY,

     Plaintiff-Appellant,

v.

LARRY BURROWS, Sheriff of Washita County; ALFRED MILLER, County Commissioner; GENE ETRIS, Washita County Commissioner; FRANK HOHKE, Washita County Commissioner; BOBBY BOONE, Warden of MACC,

     Defendants-Appellees.

No. 95-7088
(D.C. No. CV-94-298)
(E.D. Okla.)

ORDER AND JUDGMENT[*]

Before ANDERSON, LOGAN, and MURPHY, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Plaintiff Jim R. Housley, appearing pro se, appeals the dismissal of his claims brought under 42 U.S.C. § 1983. Plaintiff argues that, contrary to the holding of the district court, his claims are not barred by the applicable statute of limitations. We have reviewed the judgment of the district court de novo, see Trustees of Wyo. Laborers Health & Welfare Plan v. Morgen & Oswood Constr. Co., 850 F.2d 613, 617 (10th Cir. 1988), and we reverse.

Plaintiff's complaint stated that he was arrested on September 7, 1991, and was held in the Washita County Oklahoma Jail for four and one-half months. He alleged that, during his confinement, he was deprived of the use of the law library and prevented from exercising outside his cell.[1] Based on a fair reading of the complaint, the district court calculated that plaintiff was in the Washita County Jail for a continuous four and one-half month period beginning on September 7, 1991, and was therefore released on or around January 21, 1992. On this reading, plaintiff's complaint, filed May 18, 1994, was barred by Oklahoma's two-year statute of limitations. See Meade v. Grubbs, 841 F.2d 1512, 1522 (10th Cir. 1988).

---

[1] In addition to his complaints against the authorities of the Washita County Jail, plaintiff also complained that the warden for the Mack Alford Correctional Center, where he was later transferred, similarly deprived him of library access. The district court, finding that this allegation lacked an arguable basis either in fact or in law, dismissed that portion of plaintiff's complaint under the authority of 28 U.S.C. § 1915(d). Plaintiff does not appeal this portion of the district court's judgment.

The district court may dismiss a complaint if, after examining only the complaint and taking all allegations contained therein as true, it cannot find any set of facts as pleaded upon which relief may be granted. Jackson v. Integra Inc., 952 F.2d 1260, 1261 (10th Cir. 1991). Under this standard, the district court was technically correct to dismiss plaintiff's complaint.

Plaintiff is proceeding pro se, however, and is entitled to a liberal construction of his pleadings. Haines v. Kerner, 404 U.S. 519, 520-521 (1972). This means that

> if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements. At the same time, we do not believe it is the proper function of the district court to assume the role of advocate for the pro se litigant.

Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). A court "will not supply additional facts, [or] construct a legal theory for plaintiff that assumes facts that have not been pleaded." Dunn v. White, 880 F.2d 1188, 1197 (10th Cir. 1989), cert. denied, 493 U.S. 1059 (1990).

Here, in addition to the allegations in the complaint, plaintiff also filed an "Objection to [Defendants'] Motion to Dismiss and Brief," I. R. tab 9, in which he more specifically alleges his exact dates of confinement. There he states that he was in the Washita County Jail from September 7 through December 3, 1991, was transferred to the Custer County Jail for trial, and then reincarcerated in the Washita County Jail from May 18 through July 15, 1992. Thus, contrary to the impression given in his complaint, plaintiff's stay in the Washita County Jail was not a continuous one. While claims arising from plaintiff's initial

3

incarceration in the Washita County Jail still run afoul of the statute of limitations, claims stemming from his second stay there are within the two-year period and are not barred.

We view plaintiff's objection as an attempt to amend his complaint -- a procedure recommended by Hall in cases in which "the plaintiff['s] factual allegations are close to stating a claim but are missing some important element that may not have occurred to him." Hall, 935 F.2d at 1110.  As such, we hold that the district court should have considered the clarification contained in plaintiff's objection when making its decision.

We thus reverse the district court's judgment that plaintiff's claims are time-barred. We remand for further proceedings in accordance with this order and judgment and in light of this court's holdings in Housley v. Dodson, 41 F.3d 597 (10th Cir. 1994), and Beville v. Ednie, 74 F.3d 210 (10th Cir. 1996).[2]

REVERSED.

Entered for the Court

James K. Logan
Circuit Judge

---

[2]     We note that this case may be affected by the recently enacted Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321, and commend resolution of any issues raised by that Act to the consideration of the district court on remand.