**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 28 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

JIM R. HOUSLEY,

      Plaintiff-Appellant,

v.

LARRY BURROWS, Sheriff of
Washita County; ALFRED MILLER,
Washita County Commissioner;
GENE ETRIS, Washita County
Commissioner; FRANK HOHKE,
Washita County Commissioner;
BOBBY BOONE, Warden of MACC,

      Defendants-Appellees,

   and

DWAYNE MCFARLIN; CHARLIE
CARLTON; CARL MCBEE; CHIEF
REED, Head of Arkansas Highway
Patrol; OFFICER HUMPHRIES,
Highway Patrol Officer; THE
LIVING WORLD CHURCH; TOM
BRYANT; JOHN DOE, Director,
Energy; JOHN DOE, Officer at Hope
Arkansas; J. D. BIGGS, Dispatcher at
Marion County Sheriff's Office;
OFFICER STAUBAH; LARRY
WILLIAMS; LEWIS FLOWERS;
SID COOKERLY,

      Defendants.

No. 98-6022
(D.C. No. 97-CV-1532)
(W.D. Okla.)

**ORDER AND JUDGMENT** [*]

Before **BRORBY** , **BRISCOE** , and **LUCERO** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.   See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9.  The case is therefore ordered submitted without oral argument.

Plaintiff Jim R. Housley appeals from the district court's dismissal of his civil rights action filed pursuant to 42 U.S.C. § 1983.      [1]  Because we conclude the appeal is frivolous, we dismiss the appeal.

Plaintiff commenced this civil rights action in the United States District Court for the Eastern District of Oklahoma, alleging that defendants Larry Burrows, Alfred Miller, Gene Etris, and Frank Hohke, the Sheriff and Commissioners of Washita County, Oklahoma, violated his Eighth and Fourteenth

---

[*]     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[1]     Plaintiff proceeded in the district court in forma pauperis.  After the district court denied leave to appeal in forma pauperis, he paid the filing fee.

Amendment rights by denying him access to a law library and physical exercise during his incarceration in the Washita County jail. He also alleged that defendant Bobby Boone, the warden of the Mack Alford Correctional Center in Stringtown, Oklahoma denied him access to a law library. The district court dismissed the action against the Washita County defendants as barred by the statute of limitations. It dismissed the action against Boone as without merit. Plaintiff appealed only the district court's dismissal of his claims against the Washita County defendants. See Housley v. Burrows, No. 95-7088, 1996 WL 293828, at **1 & n.1 (10th Cir. June 4, 1996) (unpublished order and judgment). This court reversed and remanded for further proceedings on the claims against those defendants. See id. at **2.

On remand, plaintiff filed three amended complaints naming additional defendants and adding claims for, among other things, malicious prosecution and false imprisonment. The district court struck the first two amended complaints as the named defendants resided in Arkansas. Because the remanded claims and the new claims in the third amended complaint concerned defendants who resided in Washita County, which is in the Western District of Oklahoma, and all of the acts complained of occurred in that district, the district court for the Eastern District determined that proper venue was in the Western District and transferred the case to that district.

-3-

Once transferred, the magistrate judge for the Western District recommended that the case be dismissed for several reasons. First, he determined that the original complaint and the third amended complaint were meritless and legally frivolous. Second, he recognized that plaintiff was subject to in forma pauperis filing restrictions in the Western District. See Housley v. Williams, Nos. 92-6110, 92-6113, 92-6190, 92-6189, 92-6119, 92-6212, 92-6115, 92-6191, 1993 WL 76250, at **3 n.8 (10th Cir. Mar. 12, 1993) (unpublished order and judgment) (affirming filing restrictions); see also Housley v. Rowe, No. 94-6329, 1995 WL 94458, at **1 (10th Cir. Feb. 28, 1995) (unpublished order and judgment) (recognizing this plaintiff's abusive and lengthy litigation history and restrictions imposed on his filing of pro se actions). The magistrate judge found that plaintiff brought this frivolous and malicious action in the Eastern District to circumvent those filing restrictions. Finally, the magistrate judge found that plaintiff had failed to notify the court that he is no longer indigent.

Upon de novo review, the district court adopted the magistrate judge's findings and recommendations, except for the finding that plaintiff is no longer indigent, and dismissed the action. The district court emphasized that plaintiff abused the privilege of filing suits in forma pauperis and that he filed this suit in the Eastern District to avoid the filing restrictions imposed in the Western District. Further, the court noted that plaintiff abandoned the claims upon which

this court had remanded the case. The district court deemed the abandonment to be a tacit admission that the claims lacked merit, again showing plaintiff's abuse of the litigation process.

On appeal, plaintiff continues to raise the same arguments he raised in the district court. [2] Additionally, he argues that he did not violate the filing restrictions or bring this case in bad faith, because he filed the action when he was a prisoner confined in the Eastern District. He also challenges the striking of his first two amended complaints.

All of plaintiff's arguments on appeal are vague and conclusory, including his argument that he did not violate the filing restrictions. For substantially the reasons stated in the magistrate judge's findings and recommendation filed October 28, 1997, and the district court's order filed December 30, 1997, we agree that plaintiff abused the litigation process and circumvented the filing restrictions. Neither our previous remand nor any actions by the Eastern District precluded the Western District from dismissing plaintiff's complaint for failing to follow the filing restrictions of the Western District, where the case should have been filed initially. See Housley v. Boone, No. 94-6026, 1994 WL 699172, at **1

---

[2] For the first time on appeal, he also argues that, while he was incarcerated in the Washita County jail, he suffered an allergic reaction when he was sprayed with bug spray and he was forced to endure second hand smoke from other inmates. We refuse to consider these newly raised arguments. See Lyons v. Jefferson Bank & Trust, 994 F.2d 716, 720-21 (10th Cir. 1993).

& n.3 (10th Cir. Dec. 14, 1994) (unpublished order and judgment) ("[T]he Eastern District's [grant of leave to proceed in forma pauperis prior to transfer of the action did] not preclude the Western District from dismissing the [habeas] petition for failure to follow filing requirements. Housley was required to follow the valid restrictions imposed by the jurisdiction in which his action properly should have been filed."). To the extent plaintiff seeks to challenge the transfer of the action from the Eastern to the Western District or the striking of the two amended complaints, it appears that he waived these arguments in the district court and, in any event, they are without merit.

Accordingly, we conclude this appeal is frivolous under 28 U.S.C. § 1915(e)(2)(B)(i). The appeal is therefore DISMISSED. Plaintiff's motion for enforcement of remand is DENIED as moot. The mandate shall issue forthwith.

Entered for the Court

Carlos F. Lucero
Circuit Judge

-6-

Attachment not available electronically.