**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 27 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

GEORGE CARTER,

      Plaintiff-Appellant,

v.

DEAN DANIELS; J.R. PEARMAN;
HOLTON PAYNE; DAVID
GAMBILL,

      Defendants-Appellees.

No. 03-5081
(D.C. No. 02-CV-609-P)
(N.D. Okla.)

**ORDER AND JUDGMENT**  *

Before **BRISCOE** and **McKAY** , Circuit Judges, and   **BRORBY** , Senior Circuit Judge.

      After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

\*     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

George Carter, appearing pro se, appeals the district court's dismissal of his complaint against Defendant Dean Daniels under the Fair Debt Collection Practices Act (FDCPA) for failure to state a claim and the district court's grant of summary judgment in favor of Defendants J.R. Pearman and David Gambill on Carter's 42 U.S.C. § 1983 claim. [1] On appeal, Carter claims that the district court erred by considering matters outside of the complaint when it granted the motion to dismiss. Carter claims also that the district court erred in granting summary judgment in favor of Judge Pearman and Judge Gambill on the basis of judicial immunity. We reverse and remand the dismissal of Carter's complaint against Daniels. We find Carter's language in his brief intemperate and disrespectful of this court and the district court. On remand, we caution Carter that if he continues to file pleadings with the court using inflammatory and abusive language, he may be subject to sanctions under Rules 11 and 12, including the dismissal of his complaint. We affirm the district court's grant of summary judgment in favor of Judge Pearman and Judge Gambill.

---

[1] The district court also granted summary judgment in favor of Defendant Payne on Carter's 42 U.S.C. § 1983 claim, but Carter did not appeal that judgment. *See* Aplt's Br. at 1, 5-6.

I.

We review de novo a district court's ruling on a motion to dismiss for failure to state a claim upon which relief can be granted. *See Jackson v. Integra Inc.*, 952 F.2d 1260, 1261 (10th Cir. 1991). A motion to dismiss should not be granted unless "it appears beyond doubt that the plaintiff could prove no set of facts entitling [him] to relief." *Ash Creek Mining Co. v. Lujan*, 969 F.2d 868, 870 (10th Cir. 1992). A pro se litigant's pleadings should be liberally construed. *See Jackson*, 952 F.2d at 1261. "When ruling on a Rule 12(b)(6) motion, the district court must examine only the plaintiff's complaint. The district court must determine if the complaint alone is sufficient to state a claim; the district court cannot review matters outside of the complaint." *Id.*

Daniels moved to dismiss Carter's complaint for failure to state a claim arguing that Carter's allegations were vague and conclusory. Daniels then filed a supplement to his motion to dismiss improperly arguing that evidence submitted by another defendant in their motion for summary judgment established that Carter's complaint failed to state a claim for relief. The district court dismissed Carter's complaint against Daniels relying on the evidence referenced by Daniels in his supplement to the motion to dismiss. In doing so, the district court erroneously relied on matters outside of the complaint.

Carter's complaint contains the following allegations:

> Dean Daniels engaged in collection activity without prior advising George Carter of Mr. Carter's due process rights expressly reserved at 15 USC 1692(g). . . . Dean Daniels violated 15 USC 1692(f) by threatening to interfere with the business interests of George Carter where no present right to possession existed as collateral through an enforceable security interest for reason of Dean Daniels' failure to show that the alleged judgment lien was bonded as required under Oklahoma law. . . . Dean Daniels is a debt collector.

R., Doc. 1 at 1-2. The district court noted in its Order that "[t]he record reveals Daniels received a default judgment against Plaintiff on behalf of Payne, and attempted to execute on the judgment." *Id.* Doc. 34 at 3. The court's reference to the "record" and the fact that this information is not included in Carter's complaint indicates that the court was considering matters outside of the complaint. The court went on to find that Carter had failed to demonstrate that the collection activity at issue was for a debt that complies with the FDCPA because the Act "does not apply to judgments based on a commercial loan." *Id.* Again, the information that it was a commercial loan does not come from Carter's complaint. Instead, the court looked outside of Carter's complaint to an exhibit attached to another defendant's motion for summary judgment to determine that Carter's complaint was deficient.

If the court considers matters outside of the complaint, it should treat the motion as a motion for summary judgment, and not as a motion to dismiss. *Jackson*, 952 F.2d at 1261. "[F]ailure to convert to a summary judgment motion

-4-

and to comply with Rule 56 when the court considers matters outside the plaintiff's complaint is reversible error." *Id.* (quotation omitted). Here, the district court considered matters outside of the complaint by relying on other evidence in ruling on the motion to dismiss, but it failed to convert the motion to one for summary judgment. As we read the district court's Order, the court dealt with this only as a Rule 12(b)(6) motion and not as one for summary judgment. Even if we were inclined to consider the possibility that the district court was treating this as a summary judgment motion, the district court did not adequately develop the record for us to sustain his ruling.

The district court's analysis of whether Carter pled sufficient facts to establish that Daniels is a debt collector is also flawed. Carter alleged in his complaint that "Dean Daniels is a debt collector." R., Doc. 1 at ¶ 4. Daniels cannot show from this statement in the complaint that Carter "could prove no set of facts entitling [him] to relief." *See Ash Creek Mining Co.*, 969 F.2d at 870. There is no requirement in the FDCPA that the facts to support the allegation that a party is a debt collector be pled with particularity. The fact that Daniels is a lawyer attempting to collect on a judgment does not remove him from the purview of the Act. *See Heintz v. Jenkins*, 514 U.S. 291, 294 (1995). The court there held:

> The issue before us is whether the term 'debt collector' in the Fair
> Debt Collection Practices Act applies to a lawyer who 'regularly,'

*through litigation*, tries to collect consumer debts. The Court of Appeals for the Seventh Circuit held that it does. We agree with the Seventh Circuit and we affirm its judgment.

*Id.* at 292 (citation omitted). Whether there are facts to support Carter's allegation that Daniels is a debt collector is a challenge more appropriate for summary judgment, not a motion to dismiss.

Accordingly, the district court's dismissal of Carter's complaint against Daniels must be reversed and remanded for further proceedings.

## II.

Carter brought a 42 U.S.C. § 1983 claim against Judges Pearman and Gambill alleging that they conspired with Payne and Daniels to deprive him of federally protected rights under the Fifth and Fourteenth Amendments. The district court granted defendants' summary judgment motion on the basis of Pearman and Gambill's judicial immunity. Carter claims that this ruling is erroneous. The district court's ruling is correct. Judge Pearman and Judge Gambill were acting at all times relevant to Carter's allegations in their judicial capacity. It is well settled that the doctrine of absolute judicial immunity is applicable in actions that are brought pursuant to 42 U.S.C. § 1983. *See Hunt v. Bennett,* 17 F.3d 1263, 1266 (10th Cir. 1994). The district court record is insufficient to support any claim that the judges acted outside of the scope of the

judicial immunity to which they're entitled.  Accordingly, the district court's grant of summary judgment in favor of Judges Pearman and Gambill is affirmed.

The judgment of the district court dismissing Carter's complaint against Defendant Daniels is REVERSED and REMANDED.  The judgment of the district court granting summary judgment in favor of Defendants Pearman and Gambill is AFFIRMED.

Entered for the Court


Monroe G. McKay
Circuit Judge