**FILED**
**U.S. Bankruptcy Appellate Panel**
**of the Tenth Circuit**

**February 17, 2017**

**Blaine F. Bates**
**Clerk**

NOT FOR PUBLICATION[*]

**UNITED STATES BANKRUPTCY APPELLATE PANEL**

**OF THE TENTH CIRCUIT**

_____

| | |
|---|---|
| IN RE DAVID E. TERRELL, | BAP No. WO-16-007 |
| Debtor. | |
| _____ | |
| DAVID E. TERRELL, | Bankr. No. 10-16662 |
| | Adv. No. 15-01272 |
| Plaintiff - Appellant, | Chapter 7 |
| v. | |
| INTERNAL REVENUE SERVICE, | OPINION |
| Defendant - Appellee. | |

_____

Appeal from the United States Bankruptcy Court
for the District of Oklahoma Western

_____

Submitted on the briefs.[**]

_____

Before **NUGENT**, **ROMERO**, and **MOSIER**, Bankruptcy Judges.

_____

[*]      This unpublished opinion may be cited for its persuasive value, but is not precedential, except under the doctrines of law of the case, claim preclusion, and issue preclusion. 10th Cir. BAP L.R. 8026-6.

[**]      The parties did not request oral argument, and after examining the briefs and appellate record, the Court has determined unanimously that oral argument would not materially assist in the determination of this appeal. _See_ Fed. R. Bankr. P. 8019(b). The case is therefore submitted without oral argument.

**ROMERO**, Bankruptcy Judge.

_____

David Terrell appeals the bankruptcy court's *Order Granting United States'*

*Motion for Summary Judgment and Notice of Opportunity for Hearing* (the "Summary

Judgment Order"),[1] determining that Terrell's 1997 tax liability (the "Tax Liability") was

nondischargeable pursuant to 11 U.S.C. § 523(a)(1) and granting summary judgment in

favor of the Internal Revenue Service (the "IRS").[2] He challenges the bankruptcy court's

application of collateral estoppel arising from his previous criminal conviction for tax

fraud and suggests that the bankruptcy court was required to determine the precise

amount of his past due tax liability in the adversary proceeding. Because he is mistaken

on both counts, we affirm.

## I. FACTUAL AND PROCEDURAL HISTORY

In 2005, Terrell was charged with, and pleaded guilty to, willfully filing a false tax

return for the tax year 1997 (the "Criminal Case").[3] In his *Petition to Enter Plea of Guilty*

(the "Plea Agreement"),[4] Terrell admitted: (1) he prepared and signed his 1997 income

tax return; (2) the return contained a written declaration that it was made under the

penalty of perjury; (3) he did not believe the tax return was true and correct as to all

---

[1] Appellant's App. at 147.

[2] All future references to "Code," "Section," and "§" are to the Bankruptcy Code, Title 11 of the United States Code, unless otherwise indicated.

[3] *Exhibit C, United States' Answer in* Appellant's App. at 25.

[4] *Exhibit D, United States' Answer in* Appellant's App. at 38.

material matters; and (4) he acted willfully in filing the return.[5] Through the Plea Agreement, Terrell specifically admitted he falsely reported his total income as $10,000 on his 1997 tax return despite the knowledge that his total income was in excess of $130,000 for that tax year.[6] On July 5, 2005, in the Criminal Case, the district court ordered that as a term of Terrell's probation, he was to "comply with the [IRS] in the compilation and payment of all federal income tax due and owing" and pay a penalty of $16,422.00 in restitution.[7] Thereafter, on or around January 2, 2006, the IRS assessed Terrell for federal income tax of $53,618.00 and interest of $63,815.80 for the 1997 tax year.[8]

On November 1, 2010, Terrell filed a voluntary petition for Chapter 7 bankruptcy. The *Notice of Meeting of Creditors* included a statement that it was unnecessary for creditors to file any claims at that time and if assets became available for distribution, additional notice regarding the filing of claims would be issued. As a result, the IRS did not file a proof of claim. Three months later, the Chapter 7 Trustee filed a "Chapter 7 Trustee's Report of No Distribution,"[9] and on February 16, 2011, Terrell received a

---

[5]     *Exhibit C, United States' Answer* at 2, *in* Appellant's App. at 26.

[6]     *Exhibit 9, United States' Brief in Support of its Motion for Summary Judgment* at 19, *in* Appellant's App. at 142.

[7]     *Exhibit 6, United States' Brief in Support of its Motion for Summary Judgment* at 3-4, *in* Appellant's App. at 111-12.

[8]     *Exhibit 1, United States' Brief in Support of its Motion for Summary Judgment* at 2, *in* Appellant's App. at 77.

[9]     The Chapter 7 Trustee's Report of No Distribution appears on January 31, 2011 as an unnumbered docket entry on the bankruptcy court docket.

discharge. On April 5, 2011, the bankruptcy court discharged the Chapter 7 Trustee and closed the case. Over four years later, the bankruptcy court reopened Terrell's case at his request.[10]

On November 3, 2015, Terrell filed this adversary proceeding. In his *Complaint* (the "Complaint"),[11] he requested a determination that "any and all amounts the IRS claims [he] still owes for the 1997 tax year have either been paid in full or discharged pursuant to 11 U.S.C. § 523(a)(1)" (the "Adversary Proceeding").[12] On January 20, 2016, the IRS filed the *United States' Motion for Summary Judgment and Notice of Opportunity for Hearing*,[13] and the *United States' Brief in Support of its Motion for Summary Judgment*.[14] The IRS argued it was entitled to summary judgment because, as a result of the Plea Agreement, "[t]he doctrine of collateral estoppel bar[red] Terrell from disputing those facts material to judgment in [the Adversary Proceeding]."[15] On February 9, 2016, Terrell filed his response (the "Response"), arguing summary judgment was

---

[10]    Bankr. Dkt. Entry 27.

[11]    Appellant's App. at 6.

[12]    Complaint at 2, *in* Appellant's App. at 7.

[13]    Appellant's App. at 55.

[14]    Appellant's App. at 58.

[15]    The IRS specifically argued the facts and admissions underlying Terrell's guilty plea supported a finding that Terrell willfully evaded his income tax liabilities and, accordingly, his Tax Liability was not dischargeable as a matter of law pursuant to § 523(a)(1)(C). *United States' Brief in Support of its Motion for Summary Judgment* at 5, *in* Appellant's App. at 62.

inappropriate because he was also requesting the bankruptcy court determine the amount of the Tax Liability under § 505(a)(1) (the "Tax Determination Request").[16]

On March 21, 2016, the bankruptcy court entered the Summary Judgment Order wherein it concluded the IRS was entitled to summary judgment finding: (1) Terrell signed and filed his 1997 federal income tax return under penalty of perjury, reporting $10,000 as his total income for that tax year when his income exceeded $130,000; (2) Terrell was charged with, and pleaded guilty to, filing a false income tax return; (3) in the Plea Agreement, Terrell admitted he acted willfully in filing the false tax return and he signed and filed his 1997 tax return with knowledge the return was not true as to all material matters; (4) Terrell admitted he knew his income was in excess of $130,000 and he deliberately filed the incorrect tax return; and (5) he was "the only party against whom the [judgment in the Criminal Case] was entered."[17] The bankruptcy court held "a debtor who has been criminally convicted for tax-related crimes may be collaterally estopped from discharging his tax debt in bankruptcy for the subject years."[18] Accordingly, the bankruptcy court concluded the Tax Liability was nondischargeable under § 523(a)(1)(C).[19] Terrell now appeals the Summary Judgment Order.

---

[16]     Response at 4, *in* Appellee's App. at 4.

[17]     Summary Judgment Order at 11-12, *in* Appellant's App. at 157-58.

[18]     *Id.* at 7, *in* Appellant's App. at 153 (citing *Wilcoxson v. United States (In re Wilcoxson)*, No. 97-14519, 2002 WL 127047, at *3-6 (Bankr. S.D. Ala. Jan. 2, 2002)).

[19]     *Id.* at 12, *in* Appellant's App. at 158.

## II. STANDARD OF REVIEW

Appellant challenges the bankruptcy court's conclusions of law regarding the application of the doctrine of collateral estoppel. A bankruptcy court's application of collateral estoppel is reviewed *de novo*.[20]

## III. DISCUSSION

**The bankruptcy court did not err in applying collateral estoppel.**

Terrell argues the bankruptcy court erred in determining his conviction in the Criminal Case collaterally estopped him from challenging the nondischargeability of the Tax Liability under § 523(a)(1)(C). He does not, however, present arguments as to why the bankruptcy court's application of collateral estoppel was in error.

The doctrine of collateral estoppel, also known as issue preclusion, bars the relitigation of identical issues between identical parties.[21] Collateral estoppel applies to dischargeability proceedings in bankruptcy[22] if the following elements are met:

> (1) the issue previously decided is identical with the one presented in the action in question, (2) the prior action has been finally adjudicated on the merits, (3) the party against whom the doctrine is invoked was a party or in privity with a party to the prior adjudication, and (4) the party against

---

[20] *United States v. Rogers*, 960 F.2d 1501, 1507 (10th Cir. 1992) (citing *Hubbert v. City of Moore*, 923 F.2d 769, 772 (10th Cir.1991)).

[21] *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326 (1979) (citing *Blonder-Tongue Labs., Inc. v. Univ. of Ill. Found.*, 402 U.S. 313, 328-29 (1971)).

[22] *McCart v. Jordana (In re Jordana)*, 232 B.R. 469, 475 (10th Cir. BAP 1999) (citing *Grogan v. Garner*, 498 U.S. 279, 284-85 n.11 (1991)), *aff'd*, 216 F.3d 1087 (10th Cir. 2000).

whom the doctrine is raised had a full and fair opportunity to litigate the issue in the prior action.[23]

In the instant case, the bankruptcy court correctly applied the collateral estoppel doctrine. First, the issue in the Criminal Case is identical to the issue presented in the Adversary Proceeding.[24] The factual issues underlying Terrell's criminal conviction were the same factual issues before the bankruptcy court in considering nondischargeability under § 523(a)(1)(C): whether Terrell was guilty under 26 U.S.C. § 7206(1);[25] whether he knew he filed his 1997 income tax return under penalty of perjury; whether he knew his reported income was substantially inaccurate;[26] and whether he deliberately and intentionally filed an incorrect tax return. Second, Terrell's guilty plea in the Criminal

---

[23]    *Id.* at 475-76. (quoting *Frandsen v. Westinghouse Corp.*, 46 F.3d 975, 978 (10th Cir. 1995)).

[24]    Section 523(a)(1)(C) provides that federal income tax and interest assessments are not discharged in bankruptcy if the debtor, with respect to those liabilities, "made a fraudulent return or willfully attempted in any manner to evade or defeat such tax." The Tenth Circuit has held that § 523(a)(1)(C)'s "willful" requirement and evidence of requisite willful intent has been met when the debtor had a duty, had knowledge of the duty, and then voluntarily and intentionally violated the duty. *Vaughn v. United States (In re Vaughn)*, 765 F.3d 1174, 1181 (10th Cir. 2014).

[25]    United States Code § 7206(1) provides any person who "[w]illfully makes and subscribes any return, statement, or other document, which contains or is verified by a written declaration that it is made under the penalties of perjury, and which he does not believe to be true and correct as to every material matter" shall be guilty of a felony. 26 U.S.C. § 7206(1).

[26]    Terrell knew his 1997 return reported his income around $10,000 and knew his income at the time was actually more than $130,000. *Exhibit 9, United States' Brief in Support of its Motion for Summary Judgment* at 19, *in* Appellant's App. at 142.

Case constitutes a full adjudication on the merits.[27] Third, both Terrell and the IRS were parties to the Criminal Case. Finally, Terrell had a full and fair opportunity to litigate the Criminal Case.[28] Accordingly, upon applying *de novo* review, we hold the bankruptcy court did not err in its application of collateral estoppel.

Now, for the first time, Terrell also argues summary judgment was inappropriate because he "sought to have the Bankruptcy Court determine the total amount of taxes, if any, that he owe[d] for the 1997 tax year."[29] He claims that the bankruptcy court's failure to address that was error. We may consider Terrell's arguments only if the Complaint

---

[27]    *Goff v. IRS (In re Goff)*, 180 B.R. 193, 198-99 (Bankr. W.D. Tenn. 1995) (finding plea agreement regarding willful attempt to evade tax collaterally estopped debtor from disputing the nondischargeability of his debts).

[28]    *See, e.g., Id.* at 199; *McCart v. Jordana (In re Jordana)*, 221 B.R. 950, 953 (Bankr. W.D. Okla. 1998) (a consent judgment may support finding that the party had a full and fair opportunity to litigate an issue), *aff'd*, 232 B.R. 469 (10th Cir. BAP 1999), *aff'd*, 216 F.3d 1087 (10th Cir. 2000). The bankruptcy court specifically found "[a] guilty plea satisfies the 'actually litigated' element of collateral estoppel." Summary Judgment Order at 12 n.4, *in* Appellant's App. at 158 (citing *BT Commercial Corp. v. Kochekian (In re Kochekian)*, 175 B.R. 883, 889 (Bankr. M.D.N.C. 1995); *Am. Nat'l Bank & Tr. Co. of Chicago v. Cooper (In re Cooper)*, 125 B.R. 777, 780 (Bankr. N.D. Ill. 1991)).

[29]    Appellant's Br. 5.

included the Tax Determination Request as a distinct claim for relief.[30] Because it did not, we need not reach the merits of this argument.[31]

While Terrell argues he raised the Tax Determination Request in his Response;[32] merely raising a claim for relief in a response to a summary judgment motion is insufficient to constitute an amendment to a complaint.[33] Accordingly, the bankruptcy court did not err in granting the Motion for Summary Judgment and determining the Tax Liability to be nondischargeable pursuant to § 523(a)(1)(C).

---

[30]   *See BV Jordanelle, LLC v. Old Republic Nat'l Title Ins. Co.*, 830 F.3d 1195, 1204-05 (10th Cir. 2016) (citing *Jackson v. Integra Inc.*, 952 F.2d 1260, 1261 (10th Cir. 1991) (stating that the "court cannot review matters outside of the complaint")); *accord Mele v. Fed. Reserve Bank of N.Y.*, 359 F.3d 251, 256-57 (3d Cir. 2004) (declining to consider a claim raised in briefing on a Rule 12(c) motion, but not in the complaint). The bankruptcy court noted "[t]he Complaint does not ask the Court to determine how much Terrell owed . . . ." Summary Judgment Order at 5 n.3, *in* Appellant's App. at 151.

[31]   *BV Jordanelle*, 830 F.3d at 1204-05 (citing *Jackson*, 952 F.2d at 1261).

[32]   Terrell raised the Tax Determination Request in his Response and requested the bankruptcy court allow him sufficient time to amend the Complaint if the bankruptcy court determined that the Complaint did not adequately state a cause of action. Response at 4 n.1, *in* Appellee's App. at 4. Terrell, however, never filed an amended complaint or sought leave from the bankruptcy court to do so.

[33]   Fed. R. Civ. P. 15, made applicable to adversary proceedings pursuant to Fed. R. Bankr. P. 7015 (party must obtain written permission from opposing party or court's leave to amend a complaint after certain stages of litigation have passed); *ACE USA v. Union Pac. R.R. Co.*, No. 09-2194-KHV, 2011 WL 6097138, at *6 (D. Kan. Dec. 7, 2011) (raising an argument in summary judgment briefs was insufficient to put it before the court, "[i]f plaintiffs decided to change their strategy, they should have filed a proper motion to amend the pleadings . . . .").

**IV. CONCLUSION**

The bankruptcy court did not err in determining the doctrine of collateral estoppel barred Terrell from disputing facts material to the determination of dischargeability of the Tax Liability and did not err in determining the Tax Liability to be nondischargeable pursuant to § 523(a)(1)(C). Accordingly, the bankruptcy court's decision should be AFFIRMED.