940 F.2d 605
 60 USLW 2155
 In re Constantine John TSAMASFYROS, a/k/a C.J. Tsamasfyros,
f/d/a Arapahoe Medical Associates, a Colorado general
partnership, and f/d/a Plaza Arapahoe Associates, a Colorado
general partnership, Debtors.
L. Bruce NELSON, Plaintiff-Appellee,
v.
Constantine J. TSAMASFYROS, Defendant-Appellant.
 No. 90-1167.
 United States Court of Appeals,
Tenth Circuit.
 Aug. 5, 1991.
 
 Michael J. Vos (Milnor H. Senior, III and Robert I. Cohen of Senior & Cohen, with him on the brief), Denver, Colo., for debtor-appellant.
 Andrew J. Petrie (Erich L. Bethke of Kirkland & Ellis, with him on the brief), Denver, Colo., for plaintiff-appellee.
 Before ANDERSON and McWILLIAMS, Circuit Judges, and ALLEY, District Judge.*
 McWILLIAMS, Circuit Judge.
 
 
 1
 This is an appeal from the judgment of the district court which affirmed a bankruptcy court's order that a state court judgment was non-dischargeable under 11 U.S.C. Sec. 523. We affirm.
 
 
 2
 On April 11, 1988, a state district court in Arapahoe County, Colorado, after a four-day trial to the court, entered judgment in favor of L. Bruce Nelson against Constantine J. Tsamasfyros in the sum of $162,500.92. Nelson had asserted several claims for relief against Tsamasfyros, one of which was for a breach of fiduciary duty. The state district court, in a 22-page single-spaced typewritten order, held, inter alia, that "beyond a reasonable doubt ... Dr. Tsamasfyros' actions in breaching his fiduciary duties were attended by circumstances of fraud and by a wanton or reckless disregard of Nelson's rights and feelings."
 
 
 3
 On May 9, 1988, Tsamasfyros filed a voluntary petition in bankruptcy under Chapter 7 of the United States Bankruptcy Code. On September 9, 1988, Nelson filed in the bankruptcy court a Complaint to Determine the Dischargeability of the judgment debt which he had obtained in state court against Tsamasfyros. Attached to the complaint was the 22-page opinion of the state district court setting forth its findings, conclusions and judgment in considerable detail. The gist of Nelson's complaint was that his judgment debt against Tsamasfyros was non-dischargeable in bankruptcy under the provisions of 11 U.S.C. Sec. 523.
 
 
 4
 By answer, Tsamasfyros contended that Nelson's judgment debt against him was dischargeable in bankruptcy. Thereafter, Nelson filed a motion for summary judgment, to which Tsamasfyros filed a response in opposition. The basis for Nelson's motion for summary judgment was that because the state district court's judgment was based, in part, on its determination that Tsamasfyros fraudulently breached his fiduciary duty to Nelson, the judgment debt was non-dischargeable under 11 U.S.C. Sec. 523, and that Tsamasfyros was collaterally estopped from contending otherwise.
 
 
 5
 On May 1, 1989, the bankruptcy judge filed an 8-page Memorandum and Order in which he held that Nelson's judgment debt against Tsamasfyros was non-dischargeable in the latter's bankruptcy proceeding under the provisions of 11 U.S.C. Sec. 523(a)(2)(A). Pursuant to 28 U.S.C. Sec. 158(a), Tsamasfyros appealed the judgment of the bankruptcy court to the district court.
 
 
 6
 On review, the district court affirmed the result reached by the bankruptcy court, although it concluded that Nelson's judgment debt was "more logically" non-dischargeable under 11 U.S.C. Sec. 523(a)(4) rather than under 11 U.S.C. Sec. 523(a)(2)(A). The district court's Memorandum Opinion and Order now appears as In re Tsamasfyros, 114 B.R. 721 (D.Colo.1990). Background facts detailed there will not be repeated here. Pursuant to 28 U.S.C. Sec. 158(d), Tsamasfyros seeks our review of the district court's judgment and order.
 
 
 7
 As indicated, the issue is whether the state district court judgment should be given preclusive effect in the bankruptcy proceeding. In other words, was Nelson's judgment debt properly determined on summary judgment to be non-dischargeable under 11 U.S.C. Sec. 523 on the grounds of collateral estoppel?
 
 
 8
 In Brown v. Felsen, 442 U.S. 127, 99 S.Ct. 2205, 60 L.Ed.2d 767 (1979), the Supreme Court held that, insofar as res judicata is concerned, a bankruptcy court is not confined to a review of the judgment and record in a prior state court proceeding when determining the dischargeability of a debt and that when a debtor asserts a new defense of bankruptcy, res judicata does not bar the creditor from offering additional evidence to meet that defense. However, in Brown the Supreme Court went on to recognize the distinction between res judicata and collateral estoppel with the following comment:
 
 
 9
 This case concerns res judicata only, and not the narrower principle of collateral estoppel. Whereas res judicata forecloses all that which might have been litigated previously, collateral estoppel treats as final only those questions actually and necessarily decided in a prior suit [citation omitted]. If, in the course of adjudicating a state-law question, a state court should determine factual issues using standards identical to those of Sec. 17, [of the former Bankruptcy Act, similar to section 523 of the present Bankruptcy Code] then collateral estoppel, in the absence of countervailing statutory policy, would bar relitigation of these issues in the bankruptcy court.
 
 
 10
 Id. at 139 n. 10, 99 S.Ct. at 2213 n. 10.
 
 
 11
 In In re Wallace, 840 F.2d 762 (10th Cir.1988) we recognized the distinction made by the Supreme Court in Brown between res judicata and collateral estoppel in bankruptcy proceedings and in so doing we stated that although the bankruptcy court ultimately determines whether a debt is dischargeable under 11 U.S.C. Sec. 523, the doctrine of collateral estoppel may be invoked to preclude relitigation of the factual issues underlying the determination of dischargeability. Id. at 764-65. In such circumstances, collateral estoppel is binding on the bankruptcy court and precludes relitigation of factual issues if (1) the issue to be precluded is the same as the one litigated in the earlier state proceeding; (2) the issue was actually litigated in the prior proceeding; and (3) the state court's determination of that issue was necessary to the resulting final and valid judgment. Id.
 
 
 12
 In the bankruptcy court, the district court, and in this court, Tsamasfyros argued that the state court judgment based on breach of fiduciary duty was dischargeable because the state court used a different standard of proof than the one required in determining dischargeability under 11 U.S.C. Sec. 523. Counsel claimed that the state district court used a "preponderance of the evidence" standard, whereas the standard for dischargeability under 11 U.S.C. Sec. 523 is "clear and convincing evidence." Both the bankruptcy court and the district court rejected this argument because each was of the view that the state court actually used a "beyond a reasonable doubt" standard, which was an even higher standard than the "clear and convincing evidence" standard. Be that as it may, subsequent to the judgment of the district court, the Supreme Court has since resolved this matter in Grogan v. Garner, --- U.S. ----, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991).
 
 
 13
 In Grogan, the Supreme Court held that a "preponderance of the evidence" standard, rather than a "clear and convincing evidence" standard, applies to all exceptions to the dischargeability of debts set forth in 11 U.S.C. Sec. 523, including the non-dischargeability for fraud provision. At oral argument, counsel recognized that Grogan had resolved his argument that collateral estoppel should not be invoked in the present case because the state district court used a lesser standard of proof.[1]
 
 
 14
 We think the state court judgment in the instant case measures up to the test laid down in In re Wallace. The state court in its opinion and judgment held, inter alia, that Tsamasfyros had breached his fiduciary duty to Nelson and that his breach was attended by fraud and recklessness.[2] The issue was actually and necessarily litigated in the state court proceeding. Therefore, under Brown and In re Wallace, the principle of collateral estoppel precludes Tsamasfyros from relitigating the same matter.[3]
 
 
 15
 We reject any suggestion that because Tsamasfyros appeared pro se in the state court proceeding, collateral estoppel is inapposite. Tsamasfyros initially had counsel, but because of a possible conflict of interest counsel felt he should no longer represent Tsamasfyros. Tsamasfyros was given an opportunity to obtain new counsel, which he did not, or could not, do. And his counsel apparently was present at the trial to offer assistance on a standby basis. In any event, the fact that a bankruptcy debtor appeared pro se in a prior state court proceeding does not lessen the collateral effect of the state court judgment. Klemens v. Wallace, 62 B.R. 91, 92 (D.N.M.1986), affirmed under In re Wallace, 840 F.2d 762, 765 (10th Cir.1988) (Wallace could not complain that he was denied a full and fair opportunity to present his case or litigate the relevant issues).
 
 
 16
 Tsamasfyros also argues that the state court used an erroneous standard in fixing Nelson's damages resulting from Tsamasfyros' fraudulent breach of his fiduciary duty at $162,500.92. We reject that argument as did the district court. Nelson's claim against Tsamasfyros is grounded on a judgment which he obtained in state court, after trial. Tsamasfyros did not appeal the state court's judgment, either on its merits or on the amount of damages. Under the principle of collateral estoppel, Tsamasfyros is precluded from relitigating either in his bankruptcy proceeding.[4]
 
 
 17
 Judgment affirmed.
 
 
 
 *
 Honorable Wayne E. Alley, U.S. District Judge for the Western District of Oklahoma, sitting by designation
 
 
 [1]
 It should be noted that at least part of the rationale for adopting the "preponderance of the evidence" standard in Grogan was that "application of that standard will permit exception from discharge of all fraud claims creditors have reduced to judgment," thereby effectively broadening the application of collateral estoppel in cases such as the present one. Grogan at ----, 111 S.Ct. at 661
 
 
 [2]
 The state court concluded that Tsamasfyros owed Nelson a fiduciary duty of loyalty, good conduct and fair dealing, and that he had breached this fiduciary duty in numerous ways including: giving himself favorable leases with AMA; paying himself a developer's fee; using AMA loan proceeds to pay off a personal mortgage; filing involuntary bankruptcy against the wishes of other partners; paying himself a real estate commission for performing partnership business; loaning partnership money to himself; and submitting a personal guarantee with his and Nelson's signatures without Nelson's knowledge that it had not been signed and approved by all partners
 
 
 [3]
 We agree with the district court that the dischargeability of Nelson's judgment debt more properly comes under 11 U.S.C. Sec. 523(a)(4) (a claim based on fraud or defalcation while acting in a fiduciary capacity) rather than Sec. 523(a)(2)(A) (a claim for property obtained by false representation)
 
 
 [4]
 In In re Gerlach, 897 F.2d 1048, 1051 (10th Cir.1990), we approved language to the effect that dischargeability is an "all or nothing" proposition citing Birmingham Trust Nat'l Bank v. Case, 755 F.2d 1474, 1477 (11th Cir.1985). It logically follows that a state court's calculation of damages may not be collaterally attacked in the bankruptcy court. See e.g., In re Hopper, 71 B.R. 67, 68 (Bankr.D.Colo.1987)