In re Jonn H. JORDANA d/b/a Mediline Service Corporation d/b/a Intercorp Investment, Debtor.

Magdelena Moretta McCART, Plaintiff,

v.

Jonn H. JORDANA d/b/a Mediline Service Corporation d/b/a Intercorp Investment, Defendant.

Bankruptcy No. 97–17566–BH.
Adversary No. 97–1400–BH.

United States Bankruptcy Court,
W.D. Oklahoma.

June 19, 1998.

Mark W. Kueling, Bret D. Davis, Lamun Mock Featherly Kuehling & Cunningham, Oklahoma City, OK, for Plaintiff.

Stan Parsons, Oklahoma City, OK, for Defendant.

## MEMORANDUM OF DECISION AND ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

RICHARD L. BOHANON, Bankruptcy Judge.

The plaintiff, Magdelena Moretta McCart, has moved for summary judgment on her complaint objecting to the dischargeability of the debt owed to her by the debtor-defendant as a result of a default judgment in federal district court.

### ISSUES

The issue before this court is whether the doctrine of collateral estoppel bars a default judgment entered in federal district court from being relitigated in this forum. The default judgment resulted in the award of damages as a result of alleged fraud on the part of the debtor-defendant claiming violation of the RICO statutes. 18 U.S.C. §§ 1961–68.

If this question is answered affirmatively, then the issue remains whether the debt is excepted from discharge based on 11 U.S.C. § 523.

### FACTS

On or about August 17, 1994, the United States District Court for the Eastern District of Missouri found the debtor-defendant in default in an action brought by McCart for violation of the federal RICO statutes, 18 U.S.C. §§ 1961–68, and awarded her $666,-000. This sum of damages was a result of trebling as punitive damages. McCart had alleged various acts of fraud with regard to the sale and purchase of certain investments. During the course of the action, the debtor-defendant engaged in numerous acts of ques-

tionable behavior, to include absconding with the original transcript of the debtor-defendant's deposition and claiming that God was his attorney. The debtor-defendant subsequently and unsuccessfully attempted to amend the judgment and/or to set it aside.

Subsequently, in 1997, the debtor-defendant filed for bankruptcy in this court and the plaintiff then filed her complaint objecting to dischargeability of the debt in question, pursuant to 11 U.S.C. § 523(a)(2)(A) & (B).

*LAW*

## SUMMARY JUDGMENT

Fed. R. Bankr.P. 7056, which adopts Fed. R.Civ.P. 56, permits the granting of a motion for summary judgment where there are no genuine issues of material fact before the court such that the moving party is entitled to judgment as a matter of law. *Celotex Corporation v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Mares v. ConAgra Poultry, Inc.,* 971 F.2d 492, 494 (10th Cir.1992); *Harris v. Beneficial Oklahoma, Inc. (In re Harris),* 209 B.R. 990, 994–95 (10th Cir. BAP 1997); *In re Bearden,* 216 B.R. 951, 954 (Bankr.W.D.Okla.1997).

Where the moving party does not bear the burden of proof at trial, summary judgment will be granted if the movant can demonstrate an absence of any genuine issue of material fact in the record. The movant is not required to negate the opponent's claim but need only show the absence of evidence supporting the non-movant's claim. Thus, if the non-moving party has the burden of proof at trial and the movant has carried this initial burden, then the non-moving party must go beyond the pleadings and demonstrate, with evidentiary material, that a genuine issue of material fact exists. But if the movant bears the burden of proof at trial, then the movant, in addition to showing the lack of any genuine issue of material fact, must also produce sufficient evidentiary material to meet its burden of proof. *Celotex,* 477 U.S. at 323–24, 106 S.Ct. 2548; *Harris,* 209 B.R. at 995 (citing *Wolf v. Prudential Insurance Company,* 50 F.3d 793, 796 (10th Cir.1995)).

When evaluating a motion for summary judgment, the facts are to be construed in a light most favorable to the non-moving party. *Board of Education v. Pico,* 457 U.S. 853, 864, 102 S.Ct. 2799, 73 L.Ed.2d 435 (1982); *Zuchel v.. Spinharney,* 890 F.2d 273, 275 (10th Cir.1989); *Harris,* 209 B.R. at 995. However, mere conclusory allegations do not establish a genuine material issue of fact. Facts must be presented for the court to evaluate. Fed. R. Bankr.P. 7056; Fed. R.Civ.P. 56. *See Harris,* 209 B.R. at 995.

Genuine issues of material fact are established by evidentiary materials. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247–49, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Baker v. Penn Mutual Life Insurance Co.,* 788 F.2d 650, 653 (10th Cir.1986); *Harris,* 209 B.R. at 995–96. Evidentiary materials, besides affidavits, should be authenticated, unless they are part of the pleadings, depositions, answers to interrogatories, or admissions on file. Authentication can be accomplished through the use of affidavits. *Harris,* 209 B.R. at 995–96 (citing 11 James Wm. Moore et al., *Moore's Federal Practice* §§ 56.10(4)(c)(I) (3d ed.1997) and 10A Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, *Federal Practice & Procedure* § 2722 at 58–60 (2d ed.1983)).

Thus, there are two primary considerations when evaluating a claimed issue of fact in a motion for summary judgment: genuineness and materiality. Genuineness refers to whether a reasonable fact finder could enter a judgment for the non-moving party. Materiality refers to whether the fact will affect the outcome of the case. *Anderson,* 477 U.S. at 248, 106 S.Ct. 2505. To contest genuineness, an opponent must "do more than show that there is some metaphysical doubt as to the material facts." *Matsushita Electric Industrial Company v. Zenith Radio Corporation,* 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); *Spears v. United States,* 143 B.R. 950, 951 (N.D.Okla.1992). Determining materiality is dependent upon the substantive law's identification of which facts are irrelevant. *Anderson,* 477 U.S. at 248, 106 S.Ct. 2505.

## COLLATERAL ESTOPPEL

The doctrine of collateral estoppel states that a "right, question, or fact distinctly put in issue and directly determined by a court of competent jurisdiction ... cannot be disputed in a subsequent suit by the same parties or their privies." *Southern Pacific Railroad Company v. United States*, 168 U.S. 1, 48–49, 18 S.Ct. 18, 42 L.Ed. 355 (1897). *See also Parklane Hosiery Company v. Shore*, 439 U.S. 322, 326 n. 5, 99 S.Ct. 645, 58 L.Ed.2d 552 (1979); *United States v. Mendoza*, 464 U.S. 154, 158, 104 S.Ct. 568, 78 L.Ed.2d 379 (1984); *Tway v. Tway (In re Tway)*, 161 B.R. 274, 276–77 (Bankr.W.D.Okla.1993). There are several purpose for the doctrine of collateral estoppel. "To preclude parties from contesting matters that they have had a full and fair opportunity to litigate protects their adversaries from the expense and vexation attending multiple lawsuits, conserves judicial resources, and fosters reliance on judicial action by minimizing the possibility of inconsistent decisions." *Montana v. United States*, 440 U.S. 147, 153–54, 99 S.Ct. 970, 59 L.Ed.2d 210 (1979); *See also United States v. Stauffer Chemical Company*, 464 U.S. 165, 104 S.Ct. 575, 78 L.Ed.2d 388 (1984); *Tway v. Tway (In re Tway)*, 161 B.R. 274 (Bankr. W.D.Okla.1993).

 As a general rule, the bankruptcy courts have been permitted to grant issue preclusion to previously decided factual issues. *Heiser v. Woodruff*, 327 U.S. 726, 736, 66 S.Ct. 853, 90 L.Ed. 970 (1946); *Katchen v. Landy*, 382 U.S. 323, 334, 86 S.Ct. 467, 15 L.Ed.2d 391 (1966); *Brown v. Felsen*, 442 U.S. 127, 139 n. 10, 99 S.Ct. 2205, 60 L.Ed.2d 767 (1979); *Kelly v. Robinson*, 479 U.S. 36, 48 n. 8, 107 S.Ct. 353, 93 L.Ed.2d 216 (1986); *Lombard v. Axtens (In re Lombard)*, 739 F.2d 499, 502 (10th Cir.1984). *See also Tway v. Tway (In re Tway)*, 161 B.R. 274 (Bankr. W.D.Okla.1993). The applicability of collateral estoppel to discharge exception proceedings in bankruptcy cases has been specifically recognized. *Grogan v. Garner*, 498 U.S.

279, 284 n. 11, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991). *See also Klemens v. Wallace (In re Wallace)*, 840 F.2d 762 (10th Cir.1988); *Nelson v. Tsamasfyros (In re Tsamasfyros)*, 940 F.2d 605 (10th Cir.1991); *Tway v. Tway (In re Tway)*, 161 B.R. 274 (Bankr.W.D.Okla. 1993).

 Thus, to determine whether issue preclusion should be applied, this court must examine three questions: 1) is the issue to be precluded the same as the issue in the previous action? [1] 2) was the issue to be precluded actually litigated in the previous action? and 3) was the previous court's determination of the issue necessary to the resulting final and valid judgment? *Wallace*, 840 F.2d at 765; *Tsamasfyros*, 940 F.2d at 605; *Tway*, 161 B.R. at 277–78.

Whether an issue has been actually litigated has been subject to various interpretations by the courts. Actual litigation, in the Tenth Circuit, seems to include a full and fair opportunity to present one's case concerning the issues. *See Lombard v. Axtens (In re Lombard)*, 739 F.2d 499, 502 (10th Cir.1984). *See also Wallace*, 840 F.2d at 765; *Tsamasfyros*, 940 F.2d at 607. These decisions present the strong implication that a trial, itself, need not necessarily be held for an issue to be actually litigated for the purposes of collateral estoppel.

 However, other decisions provide additional guidance on this question. For example, a consent judgment, entered without a trial, has been recognized to have issue preclusive effect. *See Tway*, 161 B.R. at 278 n. 13 (recognizing *Klingman v. Levinson*, 831 F.2d 1292 (7th Cir.1987); *Frank v. Daley (In re Daley)*, 776 F.2d 834 (9th Cir.1985); *Halpern v. First Georgia Bank (In re Halpern)*, 810 F.2d 1061 (11th Cir.1987) as all holding that consent judgments have preclusive effect in bankruptcy cases). However, there must have been a full and fair opportunity for the issue to have been presented.

---

1. Under the requirement of identity of issue, for collateral estoppel to apply, there must exist a strict identity of issues such that the controlling facts and applicable legal rules remain unchanged. *Commissioner of Internal Revenue v. Sunnen*, 333 U.S. 591, 599–600, 68 S.Ct. 715, 92 L.Ed. 898 (1948). The same application of legal rules includes the standard of proof, which, in the first proceeding must be equal to or greater than the standard of proof in the second proceeding. *Tague & Beem, P.C. v. Tague (In re Tague)*, 137 B.R. 495, 503 (Bankr.D.Colo.1991).

■ But a default judgment is different than a consent judgment. The general rule is that a default judgment will not be granted preclusive effect. An example of the underlying reasons for this general rule is because of the possibility that the default judgment is merely accepted by the losing party because the amount at stake is not worth disputing at that time. In such a situation, collateral estoppel will not apply in future proceedings. *See United States v. Gottheiner (In re Gottheiner),* 703 F.2d 1136, 1140 (9th Cir.1983) (citing *Spilman v. Harley,* 656 F.2d 224 (6th Cir.1981); *Commonwealth of Massachusetts v. Hale,* 618 F.2d 143 (1st Cir.1980); *In re McMillan,* 579 F.2d 289 (3rd Cir.1978)).

■ But there are recently decided exceptions to the this general rule. For example, if the losing party has significantly participated in the previous action, such as by engaging in discovery over a period of sixteen months, then collateral estoppel will apply. *Id.* Further, if the losing party in the previous action has actively participated in the action over a period of time and has engaged in serious misconduct, such as refusing to comply with discovery and obstructing the actual judicial process of litigation, then collateral estoppel will apply. *See FDIC v. Daily (In re Daily),* 47 F.3d 365, 368–69 (9th Cir.1995); *Bush v. Balfour Beatty Bahamas Limited (In re Bush),* 62 F.3d 1319, 1324–25 (11th Cir.1995); *Gober v. Terra + Corporation,* 100 F.3d 1195, 1205–06 (5th Cir.1996); *Pahlavi v. Ansari,* 113 F.3d 17, 19–20 (4th Cir.1997).

### BANKRUPTCY CODE

11 U.S.C. § 523(a)(2)(B) provides an exception to discharge for debts resulting from materially false statements in writing. 11 U.S.C. § 523(a)(2)(A) provides an exception to discharge for debts as a result of false representations. Both of these statutes encompass fraud.

### ANALYSIS

■ First, the debtor-defendant, in his response to the motion for summary judgment raises the issue that the four documents relied upon by the plaintiff in her motion have not been authenticated in accordance with Fed.R.Evid. 901 & 902. The debtor-defen-dant cites numerous authorities that support his position. Debtor-defendant's position is well taken.

However, in her reply, the plaintiff attempts to correct the error by providing an Exemplification Certificate from the United States District Court in the Western District of Missouri as to the legitimacy of the order for default judgment which was relied upon by the plaintiff. Although this Exemplification Certificate only applies to the order for default judgment, the order for default judgment refers to and reiterates all of the essential facts upon which plaintiff relies for her motion. Thus, pursuant to Fed.R.Evid. 901(b)(7), 902(1), & 902(4), this court holds that the order has been sufficiently authenticated.

Further, additionally and in the alternative, as this document has been filed with the Clerk of the District Court of Oklahoma County, Oklahoma, in accordance with Okla. Stat. tit. 12, § 719 et seq., this court takes judicial notice of the fact of the authenticity of the order in question, pursuant to Fed. R.Evid. 201.

■ Plaintiff argues that debtor-defendant is collaterally estopped from relitigating the issue of fraud because of the default judgment on her original suit. For this court to apply collateral estoppel, the plaintiff must show the following three elements: 1) is the issue to be precluded the same as the issue in the previous action? 2) was the issue to be precluded actually litigated in the previous action? and 3) was the previous court's determination of the issue necessary to the resulting final and valid judgment?

The debtor-defendant does not dispute that the issue in question in this matter is the same as the issue in question in the previous matter: the fraudulent conduct of the debtor-defendant in the sale of investments to the plaintiff. Thus, there is no genuine issue of material fact concerning the first requirement, which has been met.

Concerning the third requirement, whether the previous court's determination was necessary to the resulting final judgment, it is not disputed by the debtor-defendant. It

is evident to this court that the issue was necessary to the previous judgment and there is no question that the previous judgment was final. The debtor-defendant took no appeal, as supported by the filing of the order by the plaintiff in the state court. Thus, there is no genuine issue of material fact as to the third requirement, which has been met.

The second requirement of the test for the application of collateral estoppel, whether the issue has been litigated, is hotly disputed by the debtor-defendant. The debtor-defendant presents numerous cites to support his position that the issue of his allegedly fraudulent conduct had not been actually litigated in the previous proceeding. However, the debtor-defendant's argument focuses on the claim that he was not able to present his arguments to the court and have them considered. *As far as it goes*, the debtor-defendant is correct in his argument. For, the debtor-defendant does not address the claim of the plaintiff that the debtor-defendant's conduct in the previous proceeding warranted a default judgment such that collateral estoppel would apply.

This court recognizes that at least four circuits have formally adopted the exception to the general rule that serious obstructive conduct resulting in a default judgment may result in the application of collateral estoppel. *See FDIC v. Daily (In re Daily)*, 47 F.3d 365, 368–69 (9th Cir.1995); *Bush v. Balfour Beatty Bahamas Limited (In re Bush)*, 62 F.3d 1319, 1324–25 (11th Cir.1995); *Gober v. Terra + Corporation*, 100 F.3d 1195, 1205–6 (5th Cir.1996); *Pahlavi v. Ansari*, 113 F.3d 17, 19–20 (4th Cir.1997).

What is essential to the determination of this matter is that the debtor-defendant, in the previous proceeding, had ample opportunity to present and argue his case. However, as recognized by the district court, the debtor-defendant engaged in serious obstructive behavior, including absconding with an original transcript of the debtor-defendant's deposition, which disrupted the judicial proceedings, despite continuous warnings from the judge. The fact that the debtor-defendant did not present all of the arguments which he might have wanted to be considered by the trial court is completely the fault of the debtor-defendant. This court cannot, and will not, reward the debtor-defendant for his misconduct by providing him with a second opportunity to litigate his claim.

It is illuminating to this court that the debtor-defendant does not dispute the fact that he engaged in this obstructive behavior. Thus, as there exists no genuine issue of material fact concerning the debtor-defendant's behavior and the subsequent granting of the default judgment by the district court, this court concludes that the second element of the test for the application of collateral estoppel has been met.

Therefore, this court concludes that all the tests for the application of collateral estoppel have been met. Thus, collateral estoppel is applicable and the debtor-defendant will not be permitted to relitigate the issue of fraud.

As the issue of fraud on the part of the debtor-defendant will not be permitted to be relitigated, as a matter of law, this court holds that the debt falls within the exception to discharge under 11 U.S.C. § 523(a)(2)(A) & (B). Thus, the debt of the debtor-defendant to the plaintiff is ordered to be excepted from discharge.

■■■ The debtor-defendant also raises the issue that collateral estoppel should not be allowed because he was acting pro se in the previous proceeding. This court does not accept debtor-defendant's argument and directs the debtor-defendant's attention to the fact that the district court continuously advised the debtor-defendant to obtain counsel, which he refused to do. Thus, in accordance with well-established decisions in this circuit, this court rejects debtor-defendant's argument. *See Nelson v. Tsamasfyros (In re Tsamasfyros)*, 940 F.2d 605 (10th Cir.1991).

■■■ The debtor-defendant also argues that punitive damages should be discharged under 11 U.S.C. § 523. The debtor-defendant raises this claim as the final award granted by the district court was a result of trebling the actual damages as punitive damages. However, this argument also falls within the ambit of collateral estoppel as the debtor-defendant previously had the opportunity to litigate the issue but failed to do so.

Further, the Court of Appeals for the Tenth Circuit has recognized that punitive damages may not be discharged under 11 U.S.C. § 523. *See Klemens v. Wallace (In re Wallace),* 840 F.2d 762, 765 (10th Cir.1988); *First National Bank of Albuquerque v. Franklin (In re Franklin),* 726 F.2d 606, 608 (10th Cir.1984). *See also Bryan v. Manley (In re Manley),* 135 B.R. 137 (Bankr. N.D.Okla.1992).

Accordingly, the motion for summary judgment of the plaintiff, Magdelena Moretta McCart, is granted.