**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 20 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

In re:

JONN M. JORDANA, doing business
as Mediline Service Corporation,
doing business as Intercorp
Investment,

      Debtor.

---

MAGDELENA MORETTA MCCART,

      Plaintiff-Appellee,

v.

JONN M. JORDANA, doing business
as Mediline Service Corporation,
doing business as Intercorp
Investment,

      Defendant-Appellant.

No. 99-6194
(BAP No. WO 98-051)
(Bankr. No. 97-17566)
(Adv. No. 97-1400)

---

**ORDER AND JUDGMENT** *

---

Before **TACHA**, **EBEL**, and **BRISCOE**, Circuit Judges.

---

*     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Debtor Jonn H. Jordana appeals a decision of the Tenth Circuit Bankruptcy Appellate Panel (BAP) affirming the bankruptcy court's summary judgment in favor of creditor Magdelena Moretta McCart, denying Jordana a discharge of McCart's judgment against him. McCart brought a federal securities fraud action against Jordana for fraudulently inducing her to invest in worthless securities. Jordana refused to file an answer in that proceeding, despite repeated warnings, refused to comply with discovery requests and absconded with the original copy of his deposition transcripts, refusing to return it. The district court in that proceeding eventually entered a default judgment against Jordana as a sanction for his misconduct and obstructive behavior.

Jordana filed a Chapter 7 bankruptcy proceeding. McCart filed an adversary proceeding in the bankruptcy court claiming the default judgment she had obtained against Jordana in the federal securities fraud action was nondischargeable under 11 U.S.C. § 523(a)(2)(A) and (B). The bankruptcy court ruled that McCart's default judgment against Jordana had collateral estoppel effect in the nondischargeability proceeding, and that Jordana was therefore

estopped from contesting the dischargeability of that debt. *See McCart v. Jordana (In re Jordana)*, 221 B.R. 950, 954-56 (Bankr. W.D. Okla. 1998). The BAP affirmed the bankruptcy court's decision. *See McCart v. Jordana (In re Jordana)*, 232 B.R. 469, 480 (10th Cir. BAP 1999).

Although other issues were raised in the bankruptcy court and the BAP, Jordana appeals only the finding that the prior default judgment had collateral estoppel effect in the nondischargeability proceeding. We review the bankruptcy court's grant of summary judgment *de novo* applying the legal standards set forth in Fed. R. Civ. P. 56(c). *See Hollytex Carpet Mills, Inc. v. Oklahoma Employment Sec. Comm'n (In re Hollytex Carpet Mills, Inc.)*, 73 F.3d 1516, 1518 (10th Cir. 1996). We exercise jurisdiction pursuant to 28 U.S.C. § 158(d), and we affirm.

The bankruptcy court recognized the general rule that a default judgment will not be granted preclusive effect because none of the issues was actually litigated. *See McCart*, 221 B.R. at 954. However, as both the bankruptcy court and the BAP recognized, there is an exception where the losing party has had a full and fair opportunity to participate in the previous litigation, but has engaged in serious obstructive conduct resulting in a default judgment. *See Wolstein v. Docteroff (In re Docteroff)*, 133 F.3d 210, 216-17 (3d Cir. 1997) (affirming use of collateral estoppel in bankruptcy discharge proceeding where

default entered because debtor wilfully obstructed discovery); *Bush v. Balfour Beatty Bahams, Ltd. (In re Bush)*, 62 F.3d 1319, 1323-24 (11th Cir. 1995) (same; debtor engaged in dilatory and deliberately obstructive conduct); *FDIC v. Daily (In re Daily)*, 47 F.3d 365, 368-69 (9th Cir. 1995) (same; debtor deliberately precluded resolution of factual issues by obstructing discovery process). In these circumstances, the "actual litigation" requirement of collateral estoppel may be satisfied because the party was afforded a reasonable opportunity to defend himself on the merits but choose not to do so. *See Bush*, 62 F.3d at 1324.

The circumstances in this case justify the application of collateral estoppel to the default judgment entered against Jordana. Like the debtors in *Wolstein*, *Bush* and *Daily*, Jordana did not simply default at the outset of the federal securities fraud proceeding. Instead, he significantly participated in the litigation and engaged in serious obstructive behavior for more than two years before the default judgment was entered as a sanction. Jordana has never disputed that he took his deposition transcript and refused to return it, refused to cooperate in discovery, and refused to answer McCart's complaint, all in spite of repeated warnings from the district court that his conduct was in violation of the court's rules. *See McCart*, 221 B.R. at 955 ("It is illuminating to this court that the debtor-defendant does not dispute that he engaged in this obstructive behavior."). Further, it is clear from the record that Jordana was repeatedly warned that his

-4-

conduct could result in a default judgment against him. Jordana had every opportunity to fully and fairly litigate all of the relevant issues in the securities fraud action.

Jordana contends on appeal that the BAP placed "[t]oo strong a reliance . . . on the allegations of misconduct" in the securities fraud action. Appellant's Br. at 5. He contends the default judgment was only entered because he failed to answer the complaint. We disagree. Based upon our review of the record, the parties' briefs, and our independent research, we conclude that the BAP's factual findings are supported by the record and that it properly considered and rejected Jordana's arguments in a thorough and well-reasoned opinion. Therefore, we AFFIRM the judgment of the bankruptcy court for substantially the same reasons set forth by the BAP in *McCart*, 232 B.R. 469.

Entered for the Court


Deanell Reece Tacha
Circuit Judge