FILED
United States Court of Appeals
Tenth Circuit

February 18, 2016

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

JANICE D. GREEN, personal
representative of the Estate of Gladys I.
Green, deceased,

      Plaintiff - Appellant,

v.

UNITED STATES OF AMERICA,

      Defendant - Appellee.

No. 15-5044
(D.C. No. 4:14-CV-00094-GKF-TLW)
(N.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, **BALDOCK**, and **HOLMES**, Circuit Judges.
_____

    Plaintiff Janice D. Green, personal representative of the estate of her mother,

Gladys I. Green, appeals the district court's dismissal of her complaint seeking a

refund under 26 U.S.C. § 7422 for the taxes assessed and collected against the estate

of her father, Robert C. Green, in 1996. The district court dismissed the complaint

for lack of subject-matter jurisdiction. It ruled that essential facts required for

jurisdiction over the complaint were litigated and determined adversely to Ms. Green

_____

[*] This panel has determined that oral argument would not materially assist in
the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).
The case is therefore ordered submitted without oral argument. This order and
judgment is not binding precedent, except under the doctrines of law of the case,
res judicata, and collateral estoppel. It may be cited, however, for its persuasive
value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

in an earlier proceeding between the same parties, and she was therefore barred under the doctrine of issue preclusion from relitigating these issues. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

## I. BACKGROUND

The current complaint is the sixth federal complaint that either Ms. Green or her mother has filed seeking to recover the taxes, interest, and penalties paid by Mr. Green's estate in 1996. *See Green v. United States*, 428 F. App'x 863, 865-66 (10th Cir. 2011) (describing the litigation history related to the sought-after refund) ("*Green IV*"). In *Green IV* a panel of this court ruled the refund claim was jurisdictionally barred as no duly filed claim for the refund was timely filed within the limitations period set by 26 U.S.C. § 6511(a). *See id*. at 867-69. (*Green V* was filed in 2012 and dismissed for lack of jurisdiction.) Ms. Green now asserts a new legal theory why she believes the refund claim is not jurisdictionally barred— namely, that the Internal Revenue Service (IRS) waived the estate's failure to file a timely formal claim.

No suit for a tax refund may be brought against the federal government "until a claim for refund or credit has been duly filed with the Secretary [of the Treasury], according to the provisions of law in that regard." 26 U.S.C. § 7422(a). This is a "jurisdictional requirement [that] cannot be waived by either [the government] or the court." *Rosenberg v. United States*, 72 Fed. Cl. 387, 392 (2006). The requirements for a formal ("duly filed") claim are set by Treasury regulation 26 C.F.R. § 301.6402–2. To be "duly filed," the filing also must be timely under

2

§ 6511(a), that is, "within 3 years from the time the return was filed or 2 years from the time the tax was paid, whichever [is] later." 26 U.S.C. § 6511(a). "[U]nless a claim for refund of a tax has been filed within the time limits imposed by § 6511(a), a suit for refund, regardless of whether the tax is alleged to have been 'erroneously,' 'illegally,' or 'wrongfully collected,' may not be maintained in any court." *United States v. Dalm*, 494 U.S. 596, 602 (1990) (citations omitted). In this case the estate tax was paid in 1996, and Ms. Green admitted in the prior proceeding "that no formal claim was filed until July 18, 2002," when an administrative claim letter was sent to the IRS. *Green IV*, 428 F. App'x at 868.

Courts have ruled, however, that something less than a formal claim may sometimes suffice. "There are four recognized exceptions to the formal claim requirement." *Blue v. United States*, 108 Fed. Cl. 61, 68 (2012). These are (1) the informal–claim doctrine; (2) the general–claim doctrine; (3) the germaneness doctrine; and (4) the waiver doctrine. *See id.* & n.5; *Martti v. United States*, 121 Fed. Cl. 87, 101 (2015).

In *Green IV*, Ms. Green argued that documents had been submitted to the IRS which constituted an informal claim. *See Green IV*, 428 F. App'x at 868. Under the informal–claim doctrine, "a timely claim with purely formal defects"—that is, an "informal claim"—is deemed sufficient "if it fairly apprises the IRS of the basis for the claim within the limitations period," so long as it is "later perfected by [a] formal claim[]." *Martti*, 121 Fed. Cl. at 101 (internal quotation marks omitted). "To qualify as an informal claim, the claim must (1) be submitted within the limitations period,

3

(2) have a written component, and (3) adequately give the IRS notice that the plaintiff is seeking a refund for certain years." *Id*. In *Green IV* we observed that "[n]one of the exhibits cited by Ms. Green demonstrate that the IRS knew that a refund claim was being made . . . [nor was any] investigation or action taken by the IRS in response to a refund claim." *Green IV*, 428 F. App'x at 869. We held that "because there was no informal claim filed with[] the IRS within the statutory period, the administrative claim letter sent to the IRS on July 18, 2002, was untimely." *Id*.

Ms. Green now argues that the IRS waived the formal-claim requirement by reviewing her father's estate in early 1998 as part of a special audit program. "Under the waiver doctrine, if the IRS adjudicates an informal claim as though it were a formal claim, the requirement of formality may be considered waived." *Martti*, 121 Fed. Cl. at 101. "The waiver doctrine applies when (1) there is clear evidence that the [IRS] understood the claim that was made, even though there was a departure in form in the submission and (2) it is unmistakable that the [IRS] dispensed with the formal requirements and examined the claim." *Id*.

The district court dismissed Ms. Green's present claim, ruling that the "submission of an informal claim is necessary to any assertion of the waiver doctrine," and because this court had ruled that no informal claim was ever filed, Ms. Green was barred from asserting waiver by the doctrine of issue preclusion. Aplt. App. at 131.

4

## II.  DISCUSSION

On appeal Ms. Green argues that the district court erred in ruling that the waiver doctrine operates only after an informal claim is filed.  She contends that an informal claim is not essential to the waiver doctrine, so issue preclusion does not bar her complaint.[1]  Our review is de novo.  *See Guttman v. Khalsa*, 669 F.3d 1101, 1109 (10th Cir. 2012) (reviewing application of issue preclusion de novo); *Butler v. Kempthorne*, 532 F.3d 1108, 1110 (10th Cir. 2008) (reviewing a dismissal for lack of jurisdiction de novo).

Under the doctrine of issue preclusion, "once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case."  *Allen v. McCurry*, 449 U.S. 90, 94 (1980).  Issue preclusion bars reconsideration if:

> (1) the issue previously decided is identical with the one presented in the action in question, (2) the prior action has been finally adjudicated on the merits, (3) the party against whom the doctrine is invoked was a party, or in privity with a party, to the prior adjudication, and (4) the party against whom the doctrine is raised had a full and fair opportunity to litigate the issue in the prior action.

---

[1] For the first time in her reply brief, Ms. Green argues that *Green IV* should not have any preclusive effect because she was proceeding pro se.  But "we routinely have declined to consider arguments that are not raised, or are inadequately presented, in an appellant's opening brief."  *Bronson v. Swensen*, 500 F.3d 1099, 1104 (10th Cir. 2007).  In any event, the fact that she appeared pro se in the prior proceeding does not affect the preclusive force of the judgment.  *Nelson v. Tsamasfyros (In re Tsamasfyros)*, 940 F.2d 605, 607 (10th Cir. 1991) ("We reject any suggestion that because [the party] appeared *pro se* in the [prior] proceeding, collateral estoppel is inapposite.").

*Park Lake Res. LLC v. U.S. Dep't of Agric.*, 378 F.3d 1132, 1136 (10th Cir. 2004). "[D]ismissals for lack of jurisdiction preclude relitigation of the issues determined in ruling on the jurisdiction question." *Id.* (internal quotation marks omitted) (dismissal for lack of jurisdiction is an important exception to the final-adjudication-on-the-merits requirement).

Ms. Green's claim is barred by issue preclusion. To begin with, after she lost her timeliness argument in *Green IV*, she cannot raise a new timeliness argument in later litigation. In determining the scope of the "issue" for preclusion purposes, we "balanc[e] . . . [two] important interests: on the one hand, a desire not to deprive a litigant of an adequate day in court; on the other hand, a desire to prevent repetitious litigation of what is essentially the same dispute." Restatement (Second) of Judgments § 27 cmt. c (1982). The relative weight of the two interests here is clear. When Ms. Green was arguing in *Green IV* that her claim was timely, she should have argued every exception to the formal-claim requirement that she could think of, or forever hold her peace. The courts cannot be expected to hear five suits on the matter—one arguing that a formal claim was filed and four more arguing each of the exceptions to the requirement.

In any event, *Green IV* definitively resolved against Ms. Green a predicate to her waiver argument when it held that she had failed to file an informal claim. Ms. Green contends that the waiver doctrine does not require that an informal claim first be filed with the IRS, citing *Blue*, 108 Fed. Cl. at 68-69, for what she believes is an example of a case in which the waiver doctrine was applied even though there was

no finding that an informal claim had been filed.  To be sure, *Blue* ruled that under the facts of that case, the informal-claim doctrine did not apply yet the waiver doctrine did.  But the reason *Blue* rejected the informal-claim exception was that the taxpayer never filed a formal claim, not that there was no informal claim.  *See id.* at 68.  *Blue* stated expressly that the waiver exception requires an informal claim. *See id.* at 69 ("The waiver doctrine . . . provides an exception to the formal refund claim requirements where the IRS has adjudicated *an informal claim* as if it were formal." (emphasis added)).

Perhaps Ms. Green now has more evidence of an informal claim than she had in *Green IV*, but if issue preclusion ever applies, it forbids trying to prove a fact after a prior rejection.  The district court correctly ruled that Ms. Green is precluded from arguing that the waiver doctrine applies.

The judgment of the district court is affirmed.

Entered for the Court


Harris L Hartz
Circuit Judge

7